Curia, per Sutherland, J.
The first ground of objection to the declaration, appears to be fatal. The plaintiff describes himself as guardian, and security for Amanda "Stanley, and others;, but does not show how he is guardian and security, or that he was specially appointed by the court, or that those for whom he assumes, to act, are infants. In 2 Saund. 117, f. note (1,) it is expressly laid down 'that if an infant sues, by guardian or prochein amy, without saying, by this, court here, specially admitted, it is error. He is supported by the case of Combers v. Walton, (1 Lev. 224;) and in Rawlin's case, (4 Rep. 53, 4,) it was held that the admission of the guardian or proch&in amy not being entered of record, is not material, if the appointment be in fact made, and so averred or stated in the declaration. (And see Com. Dig. Plead. 2 C. 1; 3 Mod. 236; 1 R. L. 416; 1 Dunl. Pr. 86, 7, et seq.; Tidd’s Pr.. 69, 70, 71; 2 *236 Arch. Pr. 143, 4.) If the omission be error, it is fatal on demurrer.
There is no force in any of the other objections taken to the declaration. It is said the bond of submission, as set forth in the declaration, was of all differences between "the plaintiff, (in his private capacity,) and the defendants; whereas the award is, that the defendants shall pay to the plaintiff, as guardian, &c. In the commencement of the declaration, the plaintiff describes himself as guardian, &c.; and in all the subsequent parts of the declaration, he describes himself as plaintiff. Now, who was the plaintiff? Not Elijah Stanley, but Elijah Stanley in the special character of guardian, &c. And it was unnecessary to describe him as such. The term plaintiff, included' the description.
The award directs the defendants to pay a certain sum of money to the plaintiff, within 60 days, or give satisfactory security for the same. It is said the award is void for uncertainty, in not specifying the nature of the security. So much of the award as directs security to be given, is undoubtedly void; and it leaves the award as though that part had been omitted," and it had been a simple award to pay the money») Simmonds v. Swaine, 1 Taunt. 549. Lee v. Elkins, 12 Mod. 585. Kyd on Aw. 203, 4.) In Thinne v. Rigby, (Cro. Jac. 314,) the award did not direct the money to be paid ; but simply that security should be given. The giving of the security is not the consideration for any thing to be done by the plaintiff. It may, therefore, be rejected without impairing the residue of the award.
But on the first ground, the declaration is bad; and the defendants must have judgment, with leave to the plaintiff to amend.
Buie accordingly.