## SUPREME COURT.

STEPHEN S. SHELDON, adm'r, &c., respondent, agt. JAS. HOY, appellant.

Where an action of *trover* is brought by a plaintiff, as administrator, for a conversion of the property during the lifetime of the intestate, the complaint must state the fact that the plaintiff *is administrator*, and has been regularly appointed by the surrogate of some county in this state; because, it is a material and traversable fact, and must be stated in such form as to *tender an issue* to the other party.

A complaint commencing, "A—— B——, administrator of the goods, chattels and credits of C—— D——, late of——, deceased, plaintiff in this action, complains," &c., is a *descriptio personæ* merely, and insufficient to show that the plaintiff prosecutes in a *representative* capacity; it must be regarded as a complaint by the plaintiff in his own right.

But an administrator can bring *trover* in his own name, without declaring in his representative capacity, for the goods of his intestate converted after his death, even though the conversion was before the granting of administration.

Where the plaintiff alleges that he was possessed, as administrator, of the goods, it is equivalent to an allegation that he was lawfully possessed, if it is not that he had title as well as possession. The term "possessed," imports that it is held by lawful title.

An allegation that "the property, after being in the possession of the plaintiff, came into the possession of the defendant, who, although requested so to do, has not delivered the same to the plaintiff, but wrongfully detains the said goods from him," is sufficient (if true) to establish a *conversion*. A wrongful *detention*, against the demand of the true owner, is a conversion, as much so as a wrongful *taking*.

*Seventh District, General Term, March,* 1855.

JOHNSON, WELLES, and T. R. STRONG, Justices.

APPEAL from order at special term overruling a demurrer. The amended complaint in this action was as follows:—

"MONROE COUNTY, ss:—*Stephen S. Sheldon,* administrator of the goods, chattels, and credits of Job Phelps, late of Clarkson, deceased, plaintiff in this action, complains of James Hoy, defendant in this action, for this, to wit: That on the first day of September, 1851, at the town of Clarkson, in the county of Monroe, Job Phelps, deceased, was possessed, as of his own property, of one bay horse-colt, of the age of four or five years then past; one buggy wagon; and one double harness; and one pomissory note of the amount of eighty dollars, dated about two years past, made by the said defendant; and one promissory note of the amount of fifty dollars, dated about one year then past, made by the said defendant;—of the value of three hundred dollars; and being so possessed thereof, the said goods, chattels, and credits, on the day and year first aforesaid, at the place aforesaid, came into possession of the said defendant, who, although often requested so to do, has not delivered the said goods, chattels, and credits aforesaid to the said plaintiff

as administrator as aforesaid; and the said defendant wrong-fully detains from the plaintiff, as administrator as aforesaid, the said goods, chattels, and credits aforesaid.

"And afterwards, to wit: on the 10th day of November, 1851, at the town of Clarkson, and in the county of Monroe, the said plaintiff, as administrator of the goods, chattels, and credits of Job Phelps, deceased, was possessed of one other bay horse-colt; one buggy wagon; one double harness; one promissory note of eighty dollars, dated about two years then past, made by the said defendant; and one promissory note of fifty dollars, dated about one year then past, made by the said defendant;—of the value of three hundred dollars; and being so possessed thereof, the said goods, chattels, and credits afore-said, on the day and year aforesaid, and the place aforesaid, came into the possession of the defendant, who, although often requested so to do, has not as yet delivered the said goods, chattels, and credits aforesaid to the said plaintiff, as adminis-trator as aforesaid; but wrongfully detains the said goods, chattels, and credits aforesaid from the said plaintiff, as admin-istrator as aforesaid; wherefore the said plaintiff, as adminis-trator as aforesaid, demands that the defendant may be ad-judged to pay the said plaintiff, as administrator as aforesaid, the sum of three hundred dollars, with interest from the first day of November, 1851, besides costs.

"January 19, 1852."

To this complaint the defendant demurred,

1. It is not averred, and does not appear on the first count or pretended cause of action in the said complaint, that the plaintiff is the administrator of the goods, chattels, and credits of Job Phelps, deceased;

2. It does not appear that the defendant has converted to his use the goods, chattels, and credits, or any or either of them, in the said count or pretended cause of action men-tioned;

5. It does not appear in the second count, or pretended cause of action in the said complaint, that the plaintiff ever had any

property in, or right of possession of, the goods, chattels, and credits, or any or either of them, in the said second count or pretended cause of action mentioned;

9. The said complaint does not state facts sufficient to constitute a cause of action.

SIMEON B. JEWETT, *for plaintiff*.
MUNGER & POMEROY, *for defendant*.

By the court—JOHNSON, Justice. The objections relied upon by the defendant's counsel are those stated in the first, second, and fifth grounds of demurrer.

The first count is for a conversion of the property during the lifetime of the intestate, and the plaintiff can maintain the action for that cause in a representative capacity only. It is conclusively settled by authority, that a complaint commencing like the present, and containing no other allegations or statement of fact of the plaintiff's appointment, does not allege that he is an administrator, or show that he prosecutes in that capacity. The introductory statement is a *descriptio personæ* merely. (*Merritt* agt. *Seaman*, 2 *Selden*, 168; *Gillett* agt. *Fairchild*, 4 *Denio*, 80, 83; *Beach* agt. *King*, 17 *Wend*. 197; *Stanley* agt. *Chappell*, 8 *Cow*. 235; *People* agt. *Mayor's Court*, 9 *Wend*. 490; *White* agt. *Law*, 7 *Barbour*, 204.) Many other cases might be cited, but it is unnecessary.

In *Merritt* agt. *Seaman*, the court of appeals reversed the judgment, on the ground that the defendant had recovered a set-off against the plaintiff in his representative capacity. The declaration was in form, except that the action was different, like the complaint here; and it was held to be an action by the plaintiff in his individual, and not in his representative capacity, in which no set-off against the estate could be allowed.

This being, by the rules of pleading, a count in favor of the plaintiff in his individual right, it does not contain a statement of facts constituting a cause of action. The fact that the plaintiff is administrator, and has been regularly appointed by the

surrogate of some county in this state, is a material and tra-
versable fact, and must be stated in such form as to tender an
issue to the other party. It will scarcely be pretended, that
matter which is merely descriptive of the person of the plain-
tiff is issuable matter, or that it constitutes any part of the
cause of action.

The learned judge, at the special term, is mistaken in sup-
posing that the complaint in this case conforms to the former
precedents. It will be seen, on examination, that in all the
forms of declarations in *trover* by an administrator, there is con-
tained, in addition to the general profert, in the body of each
count, a particular averment of the granting of administration;
and the first count was always to contain a particular statement
of the time and place of granting, and the functionary by whom
administration was granted to the plaintiff. (2 *Chit. Pl.* 840, 841,
6th *Am. from 5th London ed.* See also *Till. Form*, 438, 439.)

This must always have been necessary, as without such an
averment the declarations would show no right in the plaintiff.
The profert itself, I apprehend, was never traversable, al-
though the excuse for omitting it was. (1 *Chit.* 398.) No ac-
tion can, therefore, be maintained on the first count. It shows
no title in the plaintiff, and no conversion by the defendant of
the plaintiff's property, in any point of view.

But I am of opinion, that all the facts necessary to constitute
a good cause of action, are stated in the second count. This is
to be regarded as a complaint by the plaintiff in his own right,
and not in his capacity as administrator.

An administrator could always bring trover in his own name,
without declaring in his representative capacity, for the goods
of his intestate converted after his death, even though the con-
version was before the granting of administration. Because the
granting of administration related back to the time of the death,
and gave the administrator title by relation. (*Valentine* agt. *Jack-
son*, 9 *Wend.* 302.) This has not been changed by the Code.

Does, then, the second count state facts enough to establish
the necessary right in the plaintiff to enable him to maintain
the action in his own right? It states that he was possessed,

as administrator, of the goods. This is equivalent to an allegation that he was lawfully possessed, if it is not that he had title as well as possession. But if this is to be regarded as no more than a simple allegation that he was possessed, I am inclined to the opinion that that is sufficient. The term "possessed" imports that it is held by lawful title. This being so, are facts stated which constitute a conversion in law? It is alleged that the property, after being in the possession of the plaintiff, came into the possession of the defendant, who, although often requested so to do, has not delivered the same to the plaintiff, but wrongfully detains the said goods from him. These allegations being true, do they establish a conversion? I think they do: all the facts which constitute a conversion are here stated.

It is true, that a conversion is essential to support the action. But a wrongful detention against the demand of the true owner is a conversion. It is as much so as a wrongful taking from his possession. Suppose the allegation had been that the defendant wrongfully took the property from the plaintiff's possession, and carried it away. Wrongful taking or wrongful detention amount to conversion; and where either fact is alleged, it is unnecessary to add, in addition, the legal conclusion that it was converted. It is said, that the allegation of a wrongful detention is a mere legal conclusion of the pleader. But it is no more so than the allegation that the property was converted. The fact asserted is, that the defendant wrongfully detained the plaintiff's property. The law adjudges this a conversion. The legal conclusion follows the fact established.

The ninth cause of demurrer is to the whole complaint; and the second count being good, the plaintiff must have judgment. The judgment of the special term must, therefore, be affirmed.