### PFEIFFER v. RHEINFRANK.

(Supreme Court, Appellate Division, First Department. March 20, 1896.)

DEEDS—EXECUTORS—GRANTEES—TITLE.
A grant of land to W and R., "executors," etc., and to their heirs, which contains no statement that the grantees are to take in an official capacity, is a grant to them individually, and, after the death of one of them, his heirs must join with the surviving executor in a deed to pass the title.

Submission of controversy between Jacob Pfeiffer and John Rheinfrank, executor, etc., for the construction of a deed. Judgment in favor of plaintiff.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Alfred D. Lind, for plaintiff.
Thomas M. Rowlette, for defendant.

RUMSEY, J. The facts stated are substantially as follows: On the 4th day of December, 1895, the defendant, John Rheinfrank, as sole surviving executor of the last will and testament of Frederick Wagner, deceased, made a contract with the plaintiff to sell to him certain premises, more particularly described in the submission. The plaintiff paid, on account of the purchase price, the sum of $500, and the balance to be paid at the time of closing the title. It is stated that, by the last will and testament of Frederick Wagner, deceased, Catherine Wagner was appointed executrix, and John Rheinfrank, the defendant here, executor, of the will, with another. The two above named only qualified. The will gave to the executors all the real and personal property of the testator, upon trusts which it is not now necessary to mention. After they had qualified, Mary Kelly conveyed to them the premises which Rheinfrank afterwards agreed to sell to the plaintiff. The deed describes the parties of the second part as follows: "Catherine Wagner, executrix, and John Rheinfrank, executor, of the last will and testament of Frederick Wagner, deceased." The property is conveyed to the parties of the second part, and their heirs and as-

signs forever, and the habendum is in the same words. Catherine Wagner died on the 4th of August, 1895. Her heirs did not join in the contract to sell the premises to the plaintiff. The plaintiff refuses to accept the title to the premises which Rheinfrank agreed to sell him, upon the ground that the conveyance mentioned above conveyed the property to the parties of the second part, therein named, individually, as tenants in common, and not in their capacity as executors. The defendant, on the contrary, insists that, by that conveyance, the title to the land was vested in himself and Catherine Wagner jointly, as executors of Frederick Wagner, and that, upon the death of Catherine Wagner, he became, as sole surviving executor, the owner of the property, so that he can now convey, as such executor, a good title in fee to the plaintiff.

The question presented for consideration is whether or not the conveyance vested the title to the entire premises in the persons named therein in their representative capacity, so that the defendant, as executor, can, by his sole deed in that capacity, convey a good title to the premises. It seems to be very well settled that where, in any legal proceedings, the name of any person is followed simply by his title or name of office, without any other statement that he is acting in the capacity indicated by the words which follow his name, such words are merely descriptio personæ, and the person is bound or charged individually only, as the case may be. Sheldon v. Hoy, 11 How. Prac. 11; Stilwell v. Carpenter, 2 Abb. N. C. 238. Such, also, is the rule where the name of a party to a contract is followed by a recital of his office, and he signs, writing his official title after his name, and the contract contains no words explaining the intention with which he signs. In that case it is held that he charges himself individually. Seaver v. Coburn, 10 Cush. 324. The same rule is laid down where property is conveyed to one whose name, in the deed, is followed simply by some title or name of office. In that case it has been held that the title vested in the grantee individually, and not as a trustee for the person or corporation indicated by the words which followed his name. 3 Washb. Real Prop. 264. In Den v. Hay, 21 N. J. Law, 174, land was conveyed to several, after whose names, as parties of the second part, was inserted, "Trustees of the Asso. Presby. Congregation of Newark." It was held, by the supreme court of New Jersey, that the grantees in the deed took individually, and that the congregation had no title to the land. The same thing was held, substantially, in the case of Towar v. Hale, 46 Barb. 361. The fact that the persons named in the particular instrument are in fact officers of the corporation, as they are described, or in fact executors, is a matter of no importance, and makes no difference with the construction of the deed so far as the passing of the legal title goes. In any case, unless it can be inferred, from something in the words of the paper, that they are acting, or that they take the title, officially, the words will be held simply to be inserted by way of description, and will not affect their rights as grantees. These authorities, with which we fully agree, dispose of this case.

Upon the face of this deed, the words "executrix" and "executor"

are simply descriptions of the persons who were intended to be meant, and more particularly specify the persons who are grantees in the deed. The conveyance is not made to them and their successors, which would be proper, if it was intended that they should take in their representative capacity; but the deed runs to them and their heirs and assigns, which is only proper if they take individually. There are no words in the deed, nor are there any allegations in the statement of facts submitted, from which it could be said that the property conveyed was bought by them with the money of the estate of which they were representatives, or that it was taken by them in any way while acting in their representative capacity. Indeed, it is doubtful if, in this proceeding, any such facts would be material. The question here is whether or not John Rheinfrank alone can convey a legal title, and it is clear that, upon the face of the deed, he cannot do it.

The foregoing considerations require us to answer each of the questions presented by the submission in the negative. It is proper to say that what is said in this opinion is not intended to, nor does it, have any bearing upon the rights of those persons who, as cestuis que trustent or legatees, are interested in the estate of Frederick Wagner, and have the right to call his executor to account. They are not before us in this proceeding, and the fact that he has only the legal title as against this plaintiff will not prevent them, upon his accounting as executor, from showing, if such be the case, that he holds this property in trust for the estate, and is liable to account to them for it or its proceeds.

Pursuant to the stipulation in the submission, judgment must be entered in favor of the plaintiff, and against the defendant, for $500, with interest thereon from December 4, 1895, and $250 damages, without costs. All concur.