ARMEN YARDUM and Others, Respondents, *v.* MORRIS WOLF, Appellant.

*Pleading — a cause of action in conversion for merchandise delivered to a factor to be sold for not less than a specified price — proof of possession by the consignor will sustain it.*

A complaint which alleges the delivery of certain rugs to a factor, to be sold by him, each having a valuation which, on the sale, was to be returned to the plaintiff, the factor being entitled to receive for his services whatever he should obtain in excess of these sums, and in case he should not sell any of said rugs to return them to the plaintiff, and which further alleges that none of such rugs had been returned, and that the defendant had refused, on demand, to return them or the proceeds thereof, and had converted to his own use all the rugs which he had not sold, and all the money for which the rugs had been sold by him, as factor, except a specified sum, states a cause of action for conversion, and not one upon contract.

The fact that the demand for judgment was for the specific valuations fixed by the agreement instead of being a demand for damages, has no significance.

In such a pleading, allegations showing possession of the property by the consignor are sufficient, such prior possession being presumed to be lawful.

APPEAL by the defendant, Morris Wolf, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of July, 1898, denying the defendant's motion to vacate an order of arrest heretofore granted in the action.

*Edward A. Alexander*, for the appellant.

*E. G. Benedict*, for the respondents.

Order affirmed, with ten dollars costs and disbursements, on opinion of DALY, J.

Present — BARRETT, RUMSEY, O'BRIEN and INGRAHAM, JJ.

The following is the opinion of DALY, J.:

DALY, J.:

The defendant is arrested for conversion and moves to vacate the order for alleged insufficiency of the complaint, as indicated in the brief of counsel. It is contended (1) that the complaint shows that the plaintiffs elect to sue upon contract for goods consigned, or

their proceeds, and not for conversion ; and (2) that the complaint fails to state that the plaintiffs have any property in the goods or any right to immediate possession. The complaint sets forth that the plaintiffs are dealers in rugs, and that two lots of rugs were delivered by them to the defendant (on March 10, and June 2, 1898, respectively), as a factor, on consignment upon an agreement that the defendant should receive the rugs on consignment, as factor, should sell such as he should be able to sell and return to plaintiffs on the sale of all the first lot $1,759.29, and on the sale of the second lot, $2,084.05, each rug having a valuation, and the sum of the valuations of the respective lots being the respective sums aforesaid ; the defendant to receive for his services in selling whatever he should receive over those sums, and in case he should not sell any of said rugs to return them to plaintiffs. The complaint further sets forth that none of the rugs has been returned, and that as to the first lot defendant has refused to inform plaintiffs how many he has sold ; that he has paid $300 on account of their value, and has refused on demand to return any of them or the proceeds thereof, and has converted to his own use all the rugs which he has not sold, and all the money for which the rugs have been sold by him as factor, except the said sum of $300 ; and as to the second lot, that he has not returned any of said rugs, nor the money for which he has sold any of the same, but has converted to his own use the rugs or the money ; that plaintiffs have demanded of defendant that he should return the rugs, or such of them as he had not sold, and the proceeds of any which he has sold, if any, but that defendant has refused so to do. As to the first lot it is alleged that, by reason of such conversion, the plaintiffs are entitled to have of the defendant the said sum of $1,759.29, less the payment of $300, and an allowance of $75 on previous transactions, making the amount $1,384.29. As to the second lot it is alleged that the defendant, by reason of the premises, is indebted to the plaintiffs in the sum of $2,084.05, and the plaintiffs demand judgment for the said sums, with interest on each. There is no ground for the contention that the plaintiffs have waived the tort and elected to sue on contract. *McDonough* v. *Dillingham* (43 Hun, 493) is cited by defendant's counsel. In that case the complaint set up a cause of action on contract, with allegations of fraud in contracting the debt,

and it was held that the action was upon contract, the allegations of fraud being added under section 549 of the Code. The decision has no bearing upon this case. The causes of action here are characterized by the allegations of conversion, and those allegations evince the plaintiffs' election to sue for the tort. There is no ambiguity nor uncertainty on this point in the complaint, and so the demand for judgment for the specific valuations fixed by agreement upon the goods instead of a demand for damages, and general allegations of damage have no significance. Nor is the objection that the complaint does not allege ownership nor right of possession of plaintiffs well taken. It is true that ownership or right of possession must be pleaded and proved to sustain an action for conversion; but, so far as the pleading is concerned, it is sufficient if facts are set forth which show property or right of possession in the plaintiff. Bare possession of property or mere prior possession is sufficient to sustain trover. (*Duncan* v. *Spear*, 11 Wend. 54, and note.) An allegation of possession imports lawful possession, and an allegation "that the property, after being in the possession of the plaintiff came into the possession of the defendant, who, although often requested so to do, has not delivered the same to the plaintiff, but wrongfully detains the said goods from him," is sufficient, if true, to establish conversion. (*Sheldon* v. *Hoy*, 11 How. Pr. 11, 16.) The facts pleaded in this complaint show that the rugs after being in possession of plaintiffs came into possession of defendant for they were delivered to defendant by plaintiffs to be sold. This prior possession of plaintiffs is to be presumed lawful. Wrongful detention is shown by defendant's refusal to deliver on demand of his principals, which he was bound to do, no right to detain them against the demand of the principals being shown. On the contrary, the refusal of the agent to account, that is, to state how many rugs had been sold, gave immediate right to demand the return of the goods on hand and the proceeds of any that had been sold. Refusal to comply with that demand was wrongful, and a cause of action for conversion was sufficiently set forth by pleading those facts. Motion to vacate order of arrest denied, with ten dollars costs.