UNITED PRESS v. A. S. ABELL CO. et al.

(Supreme Court, Appellate Division, First Department.  June 6, 1902.)

1. SUMMONS AND COMPLAINT—DESCRIPTION OF PARTIES—CAPACITY.
    A summons and complaint referred to one of the defendants as "A., manager and trustee," etc.; and the complaint averred that "A. was the manager, trustee," etc.  The proof offered on the trial did not indicate that plaintiff was seeking judgment against A. otherwise than as asked in the complaint.  Held, that the action was against A. in his individual capacity, the words following his name being descriptio personæ.

2. SAME—AMENDMENT—CHANGE OF PARTIES.
    A summons and complaint cannot be amended after trial so as to change the action originally brought against a defendant individually into one against him in his representative capacity.

Appeal from special term, New York county.

Action by the United Press against the A. S. Abell Company and others.  From an order denying his motion to set aside a judgment rendered against him, Felix Agnus, one of the defendants, appeals. Reversed.

See 68 N. Y. Supp. 613.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Austen G. Fox, for appellant.
William C. Davis, for respondent.

McLAUGHLIN, J.   This action was brought to recover damages for the breach of a contract alleged to have been made between the plaintiff and the defendants, representing the Baltimore News Association, an unincorporated association doing business under that name, of which the defendant Agnus was president, and one Abell secretary.  Agnus is the only defendant upon whom the summons was served, or who appeared in the action.  The title of the original summons and complaint, so far as the same related to Agnus, was, "Felix Agnus, Manager and Trustee of the Baltimore American Newspaper"; and the complaint alleged that at the time stated "the defendant Felix Agnus was the manager, trustee, and proprietor of the Baltimore American and Commercial Advertiser," which facts the defendant Agnus admitted by his answer, except the allegation that he was the proprietor of the newspaper; and that he denied, and alleged that he held title to and managed the newspaper solely "under and by virtue of the deed of trust made, executed, and delivered to him by one Charles Carroll Fulton and his wife."  At the beginning of the trial the plaintiff amended its complaint by inserting therein an allegation to the effect that all of the defendants were liable jointly and severally to pay the plaintiff the amount of its claim. The plaintiff had a verdict against Agnus for $35,000, and, before

judgment was entered thereon, it made a motion at special term for leave to amend the summons and complaint by inserting in the title of each, after defendant's name, the words, "as Manager and Trustee of the Baltimore American and Commercial Advertiser Newspaper, under a Deed of Trust Made to Him by Charles C. Fulton and Wife," and by striking out of the complaint the words, "and that the defendant Felix Agnus was the manager, trustee, and proprietor of the Baltimore American and Commercial Advertiser, a newspaper published at the city of Baltimore, in said state," and inserting in place thereof the following allegation:

"That the said defendant Felix Agnus was at the said times the manager and trustee of the Baltimore American and Commercial Advertiser, a newspaper published at the city of Baltimore, in said state of Maryland, and that at the times herein mentioned the said defendant Felix Agnus held and now holds title to, and managed and now manages, the said newspaper, under and by virtue of a deed of trust made, executed, and delivered to him by one Charles Carroll Fulton and Caroline K. Fulton, his wife, on or about the 9th day of April, 1883, and for and on the trusts and purposes in the said deed specified."

The motion was granted, and judgment thereafter entered against Agnus, as manager and trustee, etc., in the sum of $35,000. After the entry of this judgment, Agnus, as such manager and trustee, moved to vacate the same, which motion was denied, and he has appealed.

The action, as originally brought, was against Agnus individually; and, without the amendment, judgment could not have been entered against him in a representative capacity. Van Cott v. Prentice, 104 N. Y. 45, 10 N. E. 257; Litchfield v. Flint, 104 N. Y. 543, 11 N. E. 58; Bank v. Shuler, 153 N. Y. 163, 47 N. E. 262, 60 Am. St. Rep. 601; Pfeiffer v. Rheinfrank, 2 App. Div. 574, 37 N. Y. Supp. 1076; Pfeffer v. Kling, 58 App. Div. 185, 68 N. Y. Supp. 641. The omission of the word "as" after the name of a party to an action determines that the action is brought in an individual, and not in a representative, capacity, and this irrespective of the words which follow the name; the rule being that whatever words follow, in the absence of the word "as," are words descriptio personæ. Thus, in Bennett v. Whitney, 94 N. Y. 302, it was said:

"The omission in the summons of the word 'as' before the official titles of the defendants indicates that they are sued as individuals, and that the addition of their names of office was but descriptio personæ."

And in Pfeiffer v. Rheinfrank, supra, this court said:

"It seems to be very well settled that where, in any legal proceedings, the name of any person is followed simply by his title or name of office, without any other statement that he is acting in the capacity indicated by the words which follow his name, such words are merely descriptio personæ, and the person is bound or charged individually only, as the case may be."

This is the general rule, and the only qualification of it, so far as we are aware, is that the pleadings may be considered together to ascertain the true nature of the action, and that the action will be treated as an individual or representative one as disclosed upon an inspection of the whole record. Bank v. Shuler, supra. But an examination of the original complaint fails to disclose anything indicating that it was

the intention of the pleader to charge the defendant Agnus in a representative capacity, or to hold him otherwise than personally. The allegation of the complaint is to the effect that Agnus was the manager, trustee, etc. The words here used are but a repetition of the words used in the title of the summons and complaint. They are descriptio personæ,—nothing else,—so that this allegation in no way enlarges the words of description in the title; nor do they justify even an inference that judgment is asked against the defendant otherwise than personally. The contract alleged as the basis of the cause of action set out in the complaint was not one with which the Baltimore American and Commercial Advertiser, or Felix Agnus as manager and trustee of it, had any direct connection. On the contrary, the cause of action is for the breach of a contract made by the Baltimore News Association, and the defendants are sought to be held liable, inasmuch as they were members of this association. Nor did the proof offered upon the trial indicate in any way that the plaintiff was seeking a judgment against defendant otherwise than as asked in the complaint. There was therefore nothing in the complaint or in the proof which in any way modified the general rule that the omission of the word "as" in the title to the summons made the complaint merely one against Agnus individually.

This brings us to a consideration of the question as to whether the court, after trial, could, by amending the summons and complaint, change the action from one against Agnus personally to one against him in a representative capacity. We do not think it could. The only authority which the court possesses to amend a summons and complaint after trial is that conferred upon it by section 723 of the Code of Civil Procedure, and then it can only be done when the amendment does not change "substantially the claim or defense." The amendment here made changed the claim. It substituted a new and different cause of action. In the original complaint the defendant was liable individually only. Under the amendment he was liable, not individually, but in a representative capacity, and this change the court could not make. Austin v. Munroe, 47 N. Y. 360; Van Cott v. Prentice, supra. In Austin v. Munroe, supra, action was brought against defendants as executors, and it was held that upon demurrer the action could not be converted into one against defendants individually. In Van Cott v. Prentice, supra, action was brought against defendants, as executors, to recover certain securities alleged to have been held by them as such. After trial the complaint was amended, upon plaintiff's motion, so as to make the action against the defendants individually, and judgment was entered against them as individuals; but on appeal from the order allowing the amendment the same was reversed by the late general term, and on appeal to the court of appeals the order of reversal was affirmed, that court saying, "The amendment substituted a new and different cause of action, and the defendants, as individuals, had been furnished with no opportunity to defend." Here we have the opposite of the case just cited. The defendant Agnus having been sued individually only, the court had no power, after a trial had, and a verdict rendered against him in that capacity only, to amend the summons and complaint so as to make the

action one against him in his representative capacity. By the amendment a new and independent cause of action was substituted, by making another party a defendant in the action (Van Cott v. Prentice, supra),—a cause of action upon which issue had never been joined, and one which the defendant, in his representative capacity, had never had an opportunity to defend. Parties cannot be subjected to a liability in this way. Nor is it an answer to this suggestion to say that the evidence adduced upon the trial, and the proof offered in answer to the motion to vacate, conclusively established the liability of Agnus as manager and trustee. Whether or not he be liable in that capacity must necessarily be determined upon a trial where that issue is presented. Bank v. Shuler, 153 N. Y. 163, 47 N. E. 262, 60 Am. St. Rep. 601. The authorities cited by the respondent in no way conflict with this view.

It follows, therefore, that the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.