(112 App. Div. 828)

### CHUMAR v. MELVIN et al.

(Supreme Court, Appellate Division, First Department. April 6, 1906.)

TRIAL—PREFERRED CAUSES—EXECUTRIX AS PLAINTIFF.

Where, after commencement of an action, plaintiff died, and his executrix was substituted, and filed a supplemental summons and complaint, showing her appointment as executrix and stating the same cause of action originally set up by deceased, the fact that in the title to the summons and complaint the executrix did not describe herself as such, so that the action appeared to have been brought by her individually, did not deprive her of the right to a preference which she would otherwise have had under the direct provisions of Code Civ. Proc. § 791, subd. 5.

Appeal from Special Term, New York County.

Action by Rose M. Chumar against Eugene Melvin and others. From an order denying a motion for a preference, plaintiff appeals. Reversed.

Argued before McLAUGHLIN, INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Charles Goldzier and House, Grossman & Vorhaus, for appellant.
Joseph S. Frank and John C. Shaw, for respondent.

CLARKE, J. One Charles H. Chumar commenced this action against the defendants for the foreclosure of a mortgage upon a lease. Thereafter the plaintiff died, and in proper proceedings an order was duly entered reviving and continuing the action in the name of Rose M. Chumar, as executrix of Charles H. Chumar, deceased, and she was authorized to interpose a supplemental complaint showing her succession to the right, title, and interest of the said Charles H. Chumar in and to the said cause of action, and she was further authorized to issue a supplemental summons against additional defendants. Thereafter she served supplemental summons and complaint. Said complaint, after setting forth the facts which constituted the cause of action, proceeded:

"Seventh. That after the commencement of this action, to wit, on the 13th day of September, 1905, the said Charles H. Chumar departed this life, and that thereupon a last will and testament, duly made and executed by him, in and whereby this plaintiff was appointed executrix thereof, was duly proved and admitted to probate in the Surrogate's Court of the county of New York, to which court such jurisdiction belonged, and letters testamentary thereon were duly issued by said court to this plaintiff, who duly qualified as such executrix.

"Eighth. That thereafter, upon the application made by this plaintiff, this action was revived, and is continued in her name by an order of this court duly made and entered herein."

Subsequently plaintiff served her notice of trial, and with it a notice that, on the summons, pleadings, and annexed affidavit, she would on February 5, 1906, move the court for a preference as provided for by subdivision 5 of section 791 of the Code of Civil Procedure, on the ground and for the reason that the sole plaintiff was an executrix, and on the further ground that this was a.foreclosure action.   The accompanying affidavit set up the history of the action, the death of the original plaintiff, the appointment of plaintiff as executrix, and the entry of the order of revivor, and a summary of the pleadings, and, as a reason for the preference asked, that the sole plaintiff was an executrix, "and for the further reason that the ground rent has not been paid and that dispossess proceedings have been threatened, because of the failure to pay the said ground rent."   The learned court denied the preference, and in its memorandum stated that while, under the order of revivor, the plaintiff was authorized to interpose a supplemental complaint as executrix of Charles H. Chumar, deceased, despite this she sues in her individual name.   In other words, a substantial right is denied her because the title of her summons and complaint sets forth, "Rose M. Chumar, plaintiff," instead—as would have been proper—of "Rose M. Chumar, .as executrix of the last will and testament of Charles H. Chumar, deceased."   A substantial right, because being a sole executrix, plaintiff is entitled as matter of right to have her action preferred upon the trial calendar over other issues noticed for trial for the same term; the discretion of the court only extending to the determination as to whether she should be preferred over all other·cases on the calendar.

A question is raised that her action has been improperly revived; for if, by the alleged defect in the title, it is held she is not entitled to a preference, it would seem to follow that upon her case being reached for trial it would be urged that for the same reason she was not entitled to a trial; and it is for this reason that we have considered the question with care.   The question is, where the pleadings clearly set forth the representative character of the action, is the omission in the title of the words "as executrix," etc., a fatal defect?   In Beers v. Shannon, 73.N. Y. 292, Judge Folger said:

"The first point made by the defendant is this: That the action is not brought by the plaintiff in a character representative of the deceased obligee. This is based mainly upon the omission of the word 'as' between the name of the plaintiff, John L. Beers, and the description of him 'executor of,' etc., 'of John Beers, deceased,' in the title of the summons, and in the body of the summons, and in the title to the complaint.   It is true that without that word, in that position, it has been sometimes held that the addition to the name of the party is but a descriptio personæ, and does not give to him other than a personal or individual character in the action.   But it has been held, on the other hand, that though there be nought in the title of the process or the complaint to give a representative character to the plaintiff, the frame and averments and scope of the complaint may be such as to affix to him such character and standing in the litigation. .In the case in hand   *   *   *   it was plain from the complaint that the cause of action, if any, devolved upon the plaintiff as a representative of the deceased obligee, by the creation of a representative relation by the will."

The converse of the proposition was held in Litchfield v. Flint, 104 N. Y. 543, 11 N. E. 58, where the title did add the words, "executor," etc.   Judge Earl said:

"In such a case, where the complaint shows a cause of action in favor of the plaintiff, not in his representative, but in his individual, character, the descriptive words may be rejected, leaving the action to stand as one in the individual capacity of the plaintiff."

The rule "that the title and pleadings may be considered together to ascertain the true nature of the action, and the action will be treated as an individual or representative one as disclosed upon an inspection of the whole record," was restated by Chief Judge Andrews in First National Bank v. Shuler, 153 N. Y. 165, 47 N. E. 262, 60 Am. St. Rep. 601, and by Mr. Justice McLaughlin in United Press v. Abell Co., 73 App. Div. 243, 76 N. Y. Supp. 692.

The case at bar was not an action commenced by the plaintiff, but was revived and continued by order after it had abated by the death of the original plaintiff. Her sole right was as his representative. She alleges and asserts none of her own. It has been held many times in this department that a preference would not be granted upon the title alone showing representative capacity, but that proof by pleading or affidavit establishing the fact must be submitted on the motion; and so we hold the converse that, when the complaint does clearly show that fact, the mere omission in the title of the words "as executor," etc. will not defeat the motion.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion for a preference granted over issues noticed for the February, 1906, term. All concur.