## MIDDLETON v. WOHLGEMUTH.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. PARTIES (§ 7*)—PLAINTIFFS—AGENT AS TRUSTEE OF EXPRESS TRUST—STATUTORY PROVISIONS.

The plaintiff, an agent selling motor cars on a fixed commission, sued defendant for balance of $140 claimed to be due on motor car sold defendant. *Held*, that plaintiff could maintain this action on the theory that he was the trustee of an express trust as permitted by section 449 of the Code of Civil Procedure.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 10, 11; Dec. Dig. § 7.*]

2. APPEAL AND ERROR (§ 991*)—VERDICT—CONCLUSIVENESS.

Where an agent selling motor cars on a commission of $140 each for a manufacturer of cars claims he sold defendant a car for $600 on condition that defendant, within a specified time, would sell two cars at the regular price of $740, or pay $140 for the car purchased, the question whether the contract was made or carried out with the agent or the principal is one of fact, on which the finding of the court should not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3896; Dec. Dig. § 991.*]

3. PRINCIPAL AND AGENT (§ 190*)—ACTION BY AGENT—EVIDENCE.

Plaintiff, an agent, sued the defendant on contract for balance claimed on the purchase price of a motor car. Defendant offered in evidence as written exhibits a check made to the order of plaintiff's principal and a receipt therefor. The check was indorsed by principal, and afterward by plaintiff. *Held*, that the exhibits were conclusive of nothing further than that a certain sum of money had been paid to the principal.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 720; Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by William Middleton against William Wohlgemuth. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

John P. Lamerdin, for appellant.

Henry Bonawitz, for respondent.

JENKS, J. This is an appeal from a judgment of the Municipal Court. The plaintiff sues for $140. He was the agent of a motor car manufacturer, entitled to a fixed commission on the sale of each car. He sold a motor car to the defendant. The regular price of it was $740, but he accepted $600 on the express agreement that the defendant would sell for him two motor cars within a definite period, and, if not, then the defendant would pay $740. The said regular price included the fixed commission of the plaintiff, which was $140. The action in effect, then, is to recover the full price of the car in order that the plaintiff may gain the commission which was due to him thereon by his agreement with his principal, and which the defendant in effect agreed to pay provided he did not carry out his said agreement. The defense is a general denial, together with a plea of mis-

joinder. of plaintiff, defect of parties plaintiff, no capacity to sue, and failure to state facts sufficient to constitute a cause of-action, all of which rests upon the proposition that the plaintiff was an agent.

In the course of the trial the plaintiff testified directly that he sued as agent. I think this action can be maintained upon the theory that the plaintiff is the trustee of an express trust under section 449 of the Code of Civil Procedure. I think we may glean from the complaint that such is the theory of the action, and this was expressly avowed by the plaintiff in his testimony. In Stanley v. Chappell, 8 Cow. 235, it was held that when the plaintiff declares in a special character, beginning his declaration by showing that character, he may by subsequent parts of the declaration refer to himself as the said plaintiff without adding his special character. Whether or not the contract was made and carried out with the plaintiff or with the principal was a question of fact in the case on which the finding of the court should not be disturbed. The written exhibits of the defendant are not conclusive, inasmuch as, although the check which represents the first payment was made out to the principal, examination shows that it was indorsed by the principal and subsequently indorsed by the plaintiff, and the receipt is nothing more than a formal statement that an amount of money had been received by the principal, the disposition of which was indicated by the said check.

The judgment is affirmed, with costs. All concur.