## LIMBACH v. WALLACH.

(Supreme Court, Appellate Term. January 5, 1911.)

1. DISMISSAL AND NONSUIT (§ 75*)—DISMISSAL WITHOUT PREJUDICE—PROVISIONS.

A provision, in a judgment dismissing the complaint on the ground that the action was against defendants in their representative capacity, that the dismissal was without prejudice to a new action against defendants in their individual capacity, was superfluous.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 169; Dec. Dig. § 75.*]

2. EXECUTORS AND ADMINISTRATORS (§ 438*)—ACTIONS.

In an action for services rendered in conduct of the business of an estate of which defendants were executors, the testimony showed that plaintiff was hired by defendants to do the work "for the estate," and that the work was incidental to its administration. The summons, after the last defendant's name, contained the words "executors of the estate of W." Held, that neither the testimony nor the summons necessarily showed that the action was against defendants in their representative capacity, in which they could not be sued, so that the complaint was improperly dismissed on that ground.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 438.*]

3. APPEAL AND ERROR (§ 105*)—JUDGMENTS APPEALABLE—JUDGMENT OF DIS-
　　MISSAL.
　　　A judgment dimissing a complaint on the ground that the action was
　　against executors in their representative capacity, and hence could not
　　be maintained, was appealable.
　　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 718;
　　Dec. Dig. § 105.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by George H. Limbach against Sidney Wallach, impleaded with others. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Albert R. Lesinsky, for appellant.
Solon J. Leibeskind, for respondent.

GIEGERICH, J. Plaintiff sues to recover for services rendered by him as a clerk and bookkeeper in the conduct of the business of an estate of which the defendants are the executors. The pleadings were oral. The summons contained the names of the four defendants, and after the last of such names the further words, "executors of the estate of Karl M. Wallach." The defendant Sidney Wallach was the only one of the defendants who was served or who appeared.

The plaintiff proved his employment by the four executors, the rendition of services in the course of the administration of the estate, and the nonpayment of his salary for the period in question, and rested. The defendant Wallach rested, and moved to dismiss the complaint. Decision upon the motion was reserved; but the motion was subsequently granted, and judgment was entered accordingly dismissing the complaint. The judgment contained the superfluous provision that the dismissal was without prejudice to a new action against the defendant in his individual capacity.

Although the summons did not purport to summon the defendants as executors, but merely added that description to their names, the trial judge was of the opinion that, considering the record as a whole, the action apppeared to be brought against the defendants in their representative capacity (Bank v. Shuler, 153 N. Y. 163, 173, 47 N. E. 262, 60 Am. St. Rep. 601), and consequently that it could not be maintained (Parker v. Day, 155 N. Y. 383, 387, 49 N. E. 1046).

The record consists only of the summons and the testimony, and I see nothing in either to require the conclusion that the action was brought against defendants in a capacity in which they could not be sued, since both are quite consistent with the more natural theory that the action was brought against them in the capacity in which they were liable. The testimony describes the hiring of the plaintiff by the four executors to do work for the estate, which I suppose is the way the employment would be described in common speech nine times out of ten. It further details the work done, and shows that it was work incidental to the administration of the estate. But there is nothing in all this at all inconsistent with the personal liability of the

defendants upon their contract of hiring, and precisely the same testimony would have been competent and proper if the action were concededly against the executors as individuals. The description of the defendants as executors in the summons does not purport to be any more than a mere description, and I see no reason for attributing any other significance to it. United Press v. A. S. Abell Co., 73 App. Div. 240, 76 N. Y. Supp. 693. I think, therefore, that the court was in error in dismissing the complaint.

The respondent's contention that the judgment is not appealable is without merit, and for the error referred to the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.