(81 Misc. Rep. 211.)

PORTOGHESE v. ILLINOIS SURETY CO.

(Supreme Court, Appellate Term, First Department.  June 24, 1913.)

1. APPEAL AND ERROR (§ 927*)—QUESTIONS REVIEWABLE—EVIDENCE—DISMISSAL.

   The court reviewing a judgment of dismissal must resolve every conflict in the testimony in favor of plaintiff.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2012, 2917, 3748, 3758; Dec. Dig. § 927.*]

---

2. PARTIES (§ 7*)—PLAINTIFFS—TRUSTEE.

Where plaintiff and his brother went to a banker, who had given a bond, pursuant to Laws 1907, c. 185, to secure the transmission of money received for transmission, and together they delivered to the banker money for transmission to their father in a foreign country, and requested the banker to make the receipt either in the name of plaintiff or his brother, as the money belonged to both, and a receipt was made in the name of plaintiff, plaintiff could sue the surety in his own name as trustee of an express trust, within Code Civ. Proc. § 449, for the banker's failure to transmit the money.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 9–11; Dec. Dig. § 7.*]

3. TRUSTS (§ 261*)—ACTION BY TRUSTEE—PLEADING.

Plaintiff, who is entitled to sue on an instrument in his own name as trustee of an express trust, may recover without alleging the trust, where his representative capacity does not appear from the instrument.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 371; Dec. Dig. § 261.*]

Appeal from City Court of New York, Trial Term.

Action by Orazio Portoghese against the Illinois Surety Company. From a judgment dismissing the complaint, with costs, at the close of plaintiff's case, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

John H. Coyne, of Yonkers, for appellant.

Nelson L. Keach, of New York City, for respondent.

PAGE, J. This is an action to recover from the defendant, as surety of the firm of Gottila & Genchi, under a bond given pursuant to chapter 185 of the Laws of 1907 to secure the faithful holding and transmission by the said firm of moneys received by them for transmission abroad. At the trial it was proved that the brother of the plaintiff accompanied the plaintiff to the offices of Gottila & Genchi, bankers, and that together they delivered to the bankers 5,000 lire in Italian money, equivalent to about $970 in United States money, to be transmitted to their father in Italy, and that they told the bankers to make the receipt for the money either in the name of the plaintiff or his brother, as the money belonged to both. It was further proved that the receipt for the money was made out to the plaintiff and in his name, and that the money was never transmitted to the plaintiff's father in Italy. At the close of the plaintiff's case a motion was made to dismiss the complaint, on the ground that it appeared from the testimony that the money given to the bankers was not the money of the plaintiff, but was the money of another person. The motion was granted, and the complaint dismissed.

[1] In reviewing this judgment of dismissal the testimony and every conflict therein must be construed and resolved in the plaintiff's favor. It is true that in one place the plaintiff's brother in testifying said:

"I delivered about $987 to these bankers on that occasion. I earned that money from my own work."

But later (folio 46) he corrected this and said:

"This money belonged to us both. * * * This money was in the possession of my brother, and he gave it to Gottila to send to my father, so that he could purchase property over in Ventimiglia for our account for both of us. It was both my money and his money."

Following the rule of construction above stated, for all purposes of this appeal the later testimony must prevail.

[2, 3] The evidence shows that the receipt for the money was given by the banker in the name of the plaintiff. This is strong evidence that the contract was made in the plaintiff's name for the joint interest of both him and his brother. The learned trial justice has held that the receipt was not a contract, and that parol evidence could be introduced to show who the real parties to the contract were. While this is undoubtedly a sound proposition of law, the facts disclosed by the record in no way contradict or rebut the presumption which arises, from the giving and taking of the receipt, that it was the intention of the parties that the contract be made in the name of this plaintiff, and that legal title to the money and obligation to transmit it should be in him for the benefit of both. This being the case, the plaintiff was entitled to sue and recover upon it in his own name as a trustee of an express trust within Code of Civil Procedure, § 449. Parker v. Paine, 37 Misc. Rep. 768, 76 N. Y. Supp. 942; Considerant v. Brisbane, 22 N. Y. 389. And he could sue and recover without alleging the trust, as his representative capacity in no way appeared in the receipt. Weed v. Hamburg-Bremen Fire Ins. Co., 133 N. Y. 394, 31 N. E. 231.

The judgment and order appealed from must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.