ROBERT A. HAAG, Plaintiff, *v.* EMMA C. TURNEY, Defendant.

First Department, February 2, 1934.

*David Glickman* of counsel [*Edgar F. Hazleton,* attorney], for the plaintiff.

*Charles S. Mackenzie,* for the defendant.

GLENNON, J. This matter comes before the court on a bill of exceptions to a ruling of the trial judge made at the opening of the trial of the action dismissing defendant's counterclaim.

Plaintiff's action, which was commenced in 1924, is for work, labor and services rendered and performed in respect to the estate of one Christian Jourgensen, deceased. It is alleged in the complaint that defendant, Emma C. Turney, a resident of England, was appointed successor trustee of the estate by an order of the Surrogate's Court, Kings county, and, after having qualified, entered upon her duties as trustee. Plaintiff further avers that he rendered and performed the services between April 1, 1913, and December 1, 1920, at the special instance and request of defendant. Their reasonable value is claimed to be $7,173.96, of which a balance of $6,423.96 remains unpaid. Plaintiff asks recovery of this sum against defendant individually.

The counterclaim with which we are presently concerned was interposed by defendant in her individual capacity. Briefly, it contains a statement of the following facts: Prior to the commencement of this action, defendant employed the plaintiff to rent for her premises Nos. 96, 98 and 100 Maiden Lane and 54 and 55 South street, and various lofts and offices therein. Plaintiff's employment also contemplated that he was to supervise the maintenance and upkeep of the premises, to attend to the removal of all encroachments and violations, to prepare income tax returns on behalf of the estate of Christian Jourgensen, deceased, and to facilitate the sale of the premises. Defendant, a resident of England, was wholly unfamiliar with the rental value of the properties. Plaintiff was well acquainted with the rental values and the defendant relied upon his advice. Plaintiff, while acting as defendant's agent and advisor, falsely and fraudulently represented to her that the fair rental value of a certain store and basement in one of said properties, in which he carried on the business of stationer and printer, was very much less than its true rental value. Defendant relied on plaintiff's representations and, believing them to be true, leased the premises to plaintiff annually during a period of more than six years at the rent fraudulently represented to her as proper by plaintiff. The sum defendant fixed in truth and in fact was more than $14,500 less than the fair rental value of the store and basement during the six-year period. The counterclaim then demands judgment against plaintiff for the sum of $14,666.64, the alleged difference between the fair rental value and the amount actually paid by plaintiff.

As previously mentioned, this counterclaim was dismissed at the opening of the trial. The ground of dismissal was that the counter-

claim, if any, is in favor of the estate of which defendant is trustee and not in favor of defendant individually.

We are of the opinion that the trial judge erred in dismissing the counterclaim. Defendant is a trustee of an express trust created by the will of Christian Jourgensen, deceased. The authorities are uniform in holding that in circumstances similar to those at bar an express trust vests in the trustee the legal estate subject only to the execution of the trust. (Real Prop. Law, § 100; Chaplin Express Trusts & Powers, § 162.) Again, section 210 of the Civil Practice Act provides:

" § 210. Action to be brought in name of real party in interest. Every action must be prosecuted in the name of the real party in interest, except that an executor or administrator, a trustee of an express trust, a person with whom or in whose name a contract is made for the benefit of another, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted."

The foregoing section giving a trustee the right to sue has been uniformly construed by the courts to mean that the trustee shall sue in his own name and not in his representative capacity. (*Thompson* v. *Whitmarsh*, 100 N. Y. 35; *Toronto General Trust Co.* v. *Chicago, Burlington & Quincy R. R. Co.*, 123 id. 37; *Middleton* v. *Wohlgemuth*, 141 App. Div. 678; *Portoghese* v. *Illinois Surety Co.*, 81 Misc. 211.)

In *Toronto General Trust Co.* v. *Chicago, Burlington & Quincy R. R. Co.* (*supra*) the rule is definitely settled, as follows: " Muirheid, the trustee, could have maintained an action in the courts of this State to recover any of the trust property by any one wrongfully detained here, or for the wrongful conversion of such property, or for damages thereto. Such an action would not have been in a representative capacity, but in his own right as the legal owner of the property. It might have been necessary for him upon the trial of such an action to prove the will and put it in evidence for the purpose of showing his title; * * *. It is the general rule that he who is the legal owner of property may maintain an action wherever it may be for its recovery, or for damages for its conversion. Generally, his capacity to sue in such cases grows out of his legal ownership. It is believed that there is no exception to the rule where the legal owner sues in his own right and not in a representative capacity."

Under these authorities it is evident that defendant properly interposed the counterclaim in her individual capacity, and that it was error to dismiss it.

On this application plaintiff raises the further point that the

counterclaim is not properly interposed in this action since it does not come within the purview of the provisions of section 266 of the Civil Practice Act which provides:

" § 266. Counterclaim defined. A counterclaim, except as otherwise provided by statute, must tend to diminish or defeat the plaintiff's recovery, and must be one of the following causes of action against the plaintiff, or, in a proper case, against the person whom he represents, and in favor of the defendant, or of one or more defendants, between whom and the plaintiff or the plaintiff and another person or persons alleged to be liable a separate judgment may be had in the action:

" 1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action;

" 2. In an action on contract, any other cause of action on contract existing at the commencement of the action.

The counterclaim herein alleged falls squarely within the provisions of subdivision 1. While it may be founded in fraud, nevertheless, it arises out of the contract or transaction alleged in the complaint and is connected with the subject of the action. Plaintiff was obligated, if the allegations of the counterclaim are true, to rent the premises at their fair rental value. Contrary to his obligation, he rented a store and basement to himself, for the conduct of his own business, at a price far less than the fair rental value.

It appears from the record before us that the trial judge, after dismissing the counterclaim, proceeded to trial upon plaintiff's case and that a jury verdict was rendered in plaintiff's favor for $1,650 and interest. A motion to set aside the verdict was denied and the exception of defendant duly noted. For the reasons assigned the exceptions should be sustained and a new trial ordered, with costs to the defendant to abide the event.

FINCH, P. J., MERRELL, MARTIN and TOWNLEY, JJ., concur.

Exceptions sustained, motion granted and a new trial ordered, with costs to the defendant to abide the event.