■ DIANE CUMMIN, Appellant, v ARCH CUMMIN, Respondent. [695 NYS2d 346] —Order, Supreme Court, New York County (Walter Tolub, J.), entered December 3, 1998, which granted defendant's motion to disqualify plaintiff's counsel, unanimously reversed, on the law, without costs, and the motion denied.

The parties separated in 1992, after 14 years of marriage. Following prolonged negotiations in contemplation of divorce, the parties reached a tentative settlement in 1998, but when the deal fell through, plaintiff decided to litigate. Before doing so, however, she discharged her attorney and, on recommendation of a friend, contacted Steven Ruchefsky, chair of the matrimonial department of Morrison Cohen Singer & Weinstein, a firm with 70 attorneys. Ruchefsky conducted a routine search of the firm's conflict checking system and determined that Robert Cohen, the firm's managing partner and former head of the matrimonial department, had briefly consulted with plaintiff's adversary six years earlier. Cohen did not even remember defendant, but it is conceded that the consultation had lasted 1 to 2 hours, during which they had discussed defendant's real estate and security holdings, his separate property claims, and issues of custody and support. Defendant had paid $400 for a one-hour consultation, but chose not to hire this firm to represent him. The firm has no file or any notes or memoranda regarding the consultation, other than the billing.

Ruchefsky concluded that there was no conflict of interest, but notified defendant's counsel, nonetheless, that certain precautions were being taken to isolate attorney Cohen from this litigation. Ruchefsky and Cohen had offices on different floors, and the firm's ethics committee decided to erect a "Chinese wall" in order to shield the case from any possible contact with Cohen. Notwithstanding, purportedly to prevent an appearance of impropriety, defendant moved to disqualify the Morrison Cohen firm from representing plaintiff, citing Cohen's "extended consultation" with him in 1992, and the fact that plaintiff would not be prejudiced because this case was still "in its inception." In opposition, plaintiff cited the absence of any record of the consultation six years earlier, Cohen's lack of recollection, the steps taken by the firm to quarantine Cohen from the case, and a favorable opinion solicited from a law professor who was director of Hofstra University's Institute for the Study of Legal Ethics.

The IAS Court granted the disqualification motion because of the substantial relationship between this case and the earlier consultation. We disagree.

The Code of Professional Responsibility provides that an attorney may not represent a client where he has formerly represented an adversary in a related matter and thereby acquired relevant confidential data (DR 5-108 [A] [1] [22 NYCRR 1200.27 (a) (1)]). Indeed, under the presumption of shared confidences, no attorney in the firm would be permitted

to take on such representation (DR 5-105 [D] [22 NYCRR 1200.24 (d)]). The presumption is rebuttable, however.

In *Kassis v Teacher's Ins. & Annuity Assn.* (93 NY2d 611), a law firm was disqualified from representing a litigant because one of its newly hired attorneys had, while an associate at a prior firm, represented an adversary in the same litigation. What distinguished that case was the attorney's lead and active role in the case at the prior firm, his regular contact with the client, and his familiarity with all the details of the former client's confidences. None of these factors is present here. Indeed, the Court of Appeals implied that the presumption could be rebutted where confidential information previously acquired by a large firm, but never shared among its associates, could be physically isolated, such as with the erection of a "Chinese wall" (*see*, 93 NY2d, *supra,* at 617).

Here, there are no notes or memoranda of the substance of the 1992 consultation in existence at Morrison Cohen, and there is no indication that any of the data was shared by attorney Cohen with any of his colleagues at the time. Furthermore, the screening mechanism implemented by the Morrison Cohen firm to protect any confidences that may have been divulged by defendant six years earlier constituted an adequate safeguard against even the appearance of impropriety.

The presumption of shared confidences was rebutted on this record. Accordingly, the motion to disqualify should have been denied. Concur—Nardelli, J. P., Wallach, Lerner, Andrias and Buckley, JJ.