Kirschbaum v Elizabeth Ortman Trust of 1977 (2004 NY Slip Op 50545(U))

[*1]

Kirschbaum v Elizabeth Ortman Trust of 1977

2004 NY Slip Op 50545(U)

Decided on March 10, 2004

Supreme Court, Suffolk County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 10, 2004

Supreme Court, Suffolk County
JOEL KIRSCHBAUM and MICHELE KIRSCHBAUM, Plaintiffs,
against
ELIZABETH ORTMAN TRUST OF 1977, ELIZABETH ORTMAN, STEPHEN ROSENTHAL and ROBERT ROSENTHAL, Defendants.
03-24492

ESSEKS, HEFTER & ANGEL, Attorneys for Plaintiffs, 108 East Main Street, P.O. Box 279, Riverhead, New York 11901. ROBIN L. KISSIN, P.C., Attorneys for Defts. Ortman, P.O. Box 220, Quogue, New York 11959. ANTHONY B. TOHILL, P.C., Attorney for Defts. Rosenthal, 12 First Street, P.O. Box 1330, Riverhead, New York 11901

Paul J. Baisley, J.
ORDERED that this motion by plaintiffs for summary judgment is considered, together with a cross motion by defendants Elizabeth Ortman and the Ortman Trust to disqualify the law firm of Esseks, Hefter & Angel from representing plaintiffs, as well as a cross motion by defendants Stephen and Robert Rosenthal to disqualify the Law Offices of Robin L. Kissin from representing Elizabeth Ortman and the Ortman Trust or any other party to this lawsuit.
This action seeks to compel the Elizabeth Ortman Trust to sell trust property located at 44 Sunset Avenue to plaintiffs pursuant to a contract of sale dated October 28, 2002. Elizabeth Ortman, Stephen Rosenthal and Robert Rosenthal are trustees of the trust of which Elizabeth Ortman is the sole beneficiary. Esseks, Hefter & Angel and Willkie Farr & Gallagher LLP represent plaintiffs. Anthony B. Tohill, P.C. represents Stephen and Robert Rosenthal, and the Law Offices of Robin L. Kissin represent Elizabeth Ortman, as well as the trust itself.
The trust and Elizabeth Ortman seek to disqualify plaintiffs' counsel because the office previously represented Jack Ortman, the purported grantor of the trust. The Code of Professional Responsibility provides that an attorney may not represent a client when he has formerly represented an adversary in a related matter and thereby acquired relevant confidential data (DR 5-108; 22 NYCRR §1200.24[d], 1200.27[a][1]). Under the presumption of shared confidences, no attorney in the same firm would be permitted to take on such representation (Cummin v Cummin, 264 AD2d 637, 695 NYS2d 346). However, the rule is not mandatory and may be rebutted. The Court of Appeals has seen fit to temper these rules in order to accommodate the needs of the client concerning continued representation during ongoing litigation (Kassis v Teachers Insurance and Annuity Association, 93 NY2d 611, 695 NYS2d 515). Accordingly, the court is required to examine the circumstances to determine whether the attorney acquired confidential information concerning the adverse party during his prior representation.
Mr. Esseks affirms that Jack Ortman and, after his death, his estate were clients of the firm; that in 1987 the firm commenced an eviction proceeding unrelated to trust property on Jack Ortman's behalf against Elizabeth Ortman; that from 1988 to1991 the firm reviewed the zoning of the structures on the trust property at the request of Jack Ortman and unsuccessfully sought financing for the trust property; and that in 1989 the firm commenced an eviction proceeding against persons placed on the trust property by Elizabeth Ortman against the consent of co-trustees on behalf of the then co-trustees.
A close examination of the trust document, included as exhibit "A" in plaintiffs' motion [*2]for summary judgment, indicates that it was created on December 31, 1976, prior to any involvement of plaintiffs' counsel; that the grantor is Elizabeth Ortman, not Jack Ortman; and that she is the sole beneficiary and is designated a trustee, together with two other trustees. Accordingly, it appears that plaintiffs' firm did not represent Elizabeth Ortman at any time. The firm did perform limited legal work on behalf of the trust itself. However, there is no evidence that any confidential information was acquired. Accordingly, the motion to disqualify plaintiffs' firm is denied.
Co-trustees Stephen and Robert Rosenthal, who have been sued herein in their representative capacity, seek to disqualify counsel for Elizabeth Ortman from representing either Elizabeth Ortman or the trust itself. A trust invests in the trustees the legal title to the estate (EPTL §7-2.1). The beneficiary does not take a legal interest and may not sell the corpus but may enforce the trust. If one person has both legal and equitable title, i.e., is the sole beneficiary and sole trustee, the titles merge, and the merger destroys the trust unless another beneficiary has an interest (EPTL §7-1.1). Here there is more than one trustee, so there is no merger. However, a trustee who is also a beneficiary may not make payment of trust funds to him or herself (EPTL §10-10.1). The trustees as legal owners of the trust estate generally sue and are sued in their own capacity (Haag v Turney, 240 AD 149, 269 NYS 317). The trust itself does not have the capacity to sell the estate. The co-trustees must exercise their power to sell collectively (Matter of Estate of Burke, 129 Misc2d 145, 492 NYS2d 892) and may be sued without joining the person against whose interest the action is brought (CPLR.1004).
Elizabeth Ortman's interest as beneficiary of the monies from the sale prohibits her from making such a payment to herself. As such, her interest is adverse to that of the two other trustees, which is further evidenced by her cross claim in this action for breach of a fiduciary duty and fraud against them (DR 5-105). Accordingly, counsel for Elizabeth Ortman is disqualified from representing her and also acting as counsel for the trust in this matter. The Law Offices of Robin L. Kissin is directed to account to the trust for monies received as fees concerning this litigation. Elizabeth Ortman is directed to obtain another attorney or to proceed pro se within thirty (30) days of service of this order with notice of entry upon her.
The pending motion for summary judgment is adjourned for forty-five (45) days from the date of this order.