# CHARLESTON

Black Lick Lumber Co. v. Camp Construction Co.

Submitted January 28, 1908.     Decided February 4, 1908.

1. Principal and Agent—*Action Against Principal.*
     In an action against a principal on a contract made through his agent, the contract may be declared on either as made by the principal, or by him through his agent. (p. 479.)

2.  SAME—*Proof of Agency.*

    The mere fact that one assumes to act as agent of another is not alone sufficient to show such agency; but if the agents's acts are so open, apparent and notorious that it is evident that they must have been known to the principal they are evidence of agency. Circumstances may establish it, without proof of express appointment. (p. 480.)

3.  SAME—*Liability of Principal.*

    If provisions and material for work of construction of a railroad are sold to the contractor through one assuming to be agent for the contractor, and they are used in his work to his benefit, such contractor is liable for them, though no proof of agency appears. (p. 480.)

Appeal from Circuit Court, Mercer County.

Bill by the Black Lick Lumber Company against the Camp Construction Company. Judgment for plaintiff, and defendant appeals.

*Affirmed.*

HALE & PENDLETON, for appellant.

C. R. McNUTT, for appellee.

BRANNON, JUDGE:

Black Lick Lumber Company brought a chancery suit in Mercer county against Camp Construction Company, a corporation, to recover upon demand for store goods, meat and lumber furnished by plaintiffs to defendant, and sued out and levied an attachment upon defendant's property, the affidavit showing the defendant to be a foreign corporation. A decree was rendered against the defendant for the plaintiff's demand, the plaintiffs being partners, and the defendant has appealed the case to this Court.

One ground assigned for error is, that the claim sued upon is a legal demand and there is no jurisdiction in equity. The affidavits and bill show the defendant to be a foreign corporation, and its answer admits it, and an attachment was therefore properly sued out against the foreign corporation under chapter 106 of the Code, which gives jurisdiction in equity.

The point is made by counsel that as section 30, chapter 54, Code, declares railroad corporations under charters granted by the State of Virginia, doing business in this state, to be domestic corporation, and therefore not liable to attach-

ments as foreign corporations, and as the plaintiff's papers do not state or show that the defendant is not a railroad company, therefore no attachment lies against it as a foreign corporation. It was not for the plaintiffs to negative that fact. That is an exception to the general rule that the foreign corporation is liable to attachment, and it was for the defendant to set up that defense. The defendant made no such defense, but admitted in its answer that it was a Virginia corporation.

A second ground assigned against recovery by the plaintiffs by counsel is, that the claim sued on is not proved. Under this head counsel argues that the bill states that the contract was made by plaintiffs directly with the defendant itself, whilst the evidence shows that the account was made under a contract between the plaintiffs and J. H. Graham as an agent of the defendant. There is to some extent an idea that when one sues upon a contract made with another through the intervention of his agent, the pleading must show the fact. The old maxim here applies, *Qui facit per alium facit per se.* The contract of A by B, his agent, is A's contract; not B's. The pleadings may call it the contract of the principal and never mention the agent. I would think that the proper pleading. By reference to 16 Ency. Pl. & Prac. 899, we find the law stated thus: "In actions by or against a principal on a contract executed by his agent, the contract may be declared on either as having been made by the principal, or by him through an agent." The bill states an indebtedness of the defendant company to the plaintiffs, in effect a contract by the plaintiffs with the defendant, which is proper. The evidence shows the contract to have been made by an agent of the defendant. This is no variance from the bill, in a legal point of view, for the reason just stated.

As to the objection that the plaintiffs have not proved their account. We think the plaintiffs' demand is sufficiently proven. I shall not detail the evidence. The defendant gave no evidence to repel that given by the plaintiffs to support their demand.

We think the agency of Graham is established. It depends on oral evidence which need not be detailed here. The defendant company was making a mile of the Deepwater railroad, including a tunnell, and Graham acted openly as general man-

ager, overseeing and controlling hands, buying provisions, wood and lumber, receiving articles used in the work, measuring the lumber and supervising the work generally. Whilst the mere assumption by one to act for another will not prove agency, yet where one is put in possession of property or business, and his acts are so open and notorious that it is evident they must have been known to the principal, and assented to by him, the facts are sufficient to show agency. 1 Amer. & Eng. Ency. L. (2 ed.) 962, 969. Here was a great work lasting months going on, and Graham in open control, and it is proven that no one else was in control. Can we reasonably say that the corporation did not know of this, and committed the management to no one else? Left the work without a manager? No one else controlled? The defense offered no evidence to explain why Graham so acted, gave no evidence to repel the force of these circumstances to show agency. They are consistent with the theory that he was agent, and inconsistent with the contrary theory. What safety would there be on other basis for persons to deliver supplies on that ⁻work.

Suppose, however, Graham was not agent. Then the fact remains that the defendant recived the meat, wood, lumber and other things constituting the plaintiffs' demand, and consumed them in its work, and the law requires the defendant to pay for them.

Decree affirmed.

*Affirmed.*