# CHARLESTOWN.

## HAYS *v.* ALTIZER.

Submitted June 25, 1884—Decided September 13, 1884.

Where the jury find a verdict for the plaintiff in an action of unlawful detainer brought before a justice and taken by appeal to the circuit court, if it is proven on the trial that the defendant had been in the actual continuous possession of the land in controversy for more than two years, and it does not appear that the cause of action arose within two years prior to the commencement of the action, it is the duty of the court, on the motion of the defendant, to set aside the verdict and direct a new trial.

The facts of the case appear in the opinion of the Court.

*W. S. Sands* for plaintiff in error.

*J. G. Schilling* for defendant in error.

SNYDER, JUDGE:

Mary F. Altizer, on June 20, 1883, brought her action of unlawful detainer against Warren Hays and Frank Haymaker before a justice of Calhoun county to recover the possession of one fourth acre of land situate in Arnoldsburg, in said county, and twenty-five dollars damages for the detention thereof. The justice gave judgment for the plaintiff and the defendants appealed to the circuit court in which a trial was had by jury and a verdict rendered for the plaintiff. The defendants moved the court to set aside the verdict, which motion being overruled and judgment entered on the verdict, the defendants took a bill of exceptions to the action of the court and obtained a writ of error thereon from this Court.

All the evidence adduced on the trial is certified, and it appears therefrom as an undisputed fact, that the defendants, the plaintiffs in error, were at the commencement of this action, and had been continuously for at least *four years,* in the actual possession of the lot in controversy. This fact is shown by the evidence of both the plaintiff and defendants.

The possession of the defendants was uninterrupted and, so far as the evidence discloses, undisputed until a short time before this action was commenced, when the plaintiff went upon the land and began to put up some posts for the purpose of enclosing the lot, and after she had caused four or five panels of fence to be made the defendants took down said panels of fence and the plaintiff then left the defendants in possession of this lot and afterwards brought this action.

The plaintiff claims that the putting up of these posts and panels of fence on the lot was an actual possession of the lot by her and that she had the right to bring this action within two years from that time. In this, I think, she is clearly mistaken. At the time this attempt to get possession was made by the plaintiff the defendants had the lot enclosed with other land occupied by them, and were therefore in fact and in law in the actual possession of this lot as well as the other land enclosed with it—*Moore* v. *Douglass*, 14 W. Va. 708. The defendants thus being in the actual possession of the lot, the act of the plaintiff in entering upon it without their consent was simply a trespass. But one claimant can have possession, and the defendants being in possession the plaintiff could not also be in possession at the same time. She could only acquire possession by expelling the defendants or by their abandoning it to her—*Mitchell* v. *Carder*, 21 W. Va. 277.

It does not appear under what right or title the defendants held possession. This, however, is immaterial in this form of action, which determines nothing but the right of the possession; neither the title nor ownership of the land is involved. Even the owner cannot recover by this form of action against a person rightfully in possession though such person may have no title or claim of any kind to the land—*Olinger* v. *Shepherd*, 12 Gratt. 462; *Emerick* v. *Tavener*, 9 *Id.* 228.

The possession of the defendants having thus continued for four year prior to the institution of this action, the plaintiff was not entitled to recover, because our statute is express that the action shall be commenced "within two years after the cause of action accrues."—Chap. 145 sec. 211 Acts 1882, p. 462.

The defendant in error, however, insists that the two years

possession which will prevent a recovery under this statute must be adverse.    That is true, but in the absence of any evidence to show privity of possession or license the presumption is that the holding was adverse.    But even if this were not so, the result would be the same.    If the holding was not adverse then the defendants were entitled to notice to quit or a demand of the possession before a cause of action could accrue to the plaintiff, and there being no evidence of such notice or demand, the plaintiff was not entitled to recover—*Right* v. *Beard*, 13 East 210; *Doe* v. *Jackson*, 8 Eng. C. L. 126; *Williamson* v. *Paxton*, 18 Gratt. 505.

Upon the whole case I am clearly of opinion that it was the duty of the court to set aside the verdict of the jury on the motion of the defendants, because it was plainly shown by the evidence that the plaintiffs cause of action, if she had any, arose more than two years before she brought her action before the justice, and that it erred in overruling said motion.· The judgment of the circuit court is, therefore, reversed with costs to the. plaintiffs in error.    And this Court proceeding to enter such judgment as the. circuit court should have rendered, the verdict of the jury is set aside and a new trial ordered, the costs of the former trial to abide the result of the action, and the case is remanded for further proceedings.

REVERSED.    REMANDED.