# CHARLESTOWN.

### HEARD *v.* C. & O. RAILWAY CO.

Submitted September 14, 1885.—Decided September 19, 1885.

1. The rule for determining what facts shall be considered as established in cases of demurrer to the evidence, when all of it is adduced by the demurree is, the court shall regard the demurrant as necessarily admitting by his demurrer not only the credit and truth of all the evidence but all inferences of fact that may be fairly deduced from it; and in determining the facts inferable from the evidence, inferences most favorable to the demurree will be made in cases where there is grave doubt which of two or more inferences shall be drawn. Unless there is a decided preponderance of probability or reason against the inference that might be made in favor of the demurree, such inference ought to be made in his favor. (p. 457.)

2. If the evidence is such, that the court ought not to set aside the verdict of a jury in favor of the demurree, then upon a demurrer to that evidence the court should give judgment against the demurrant. (p. 458.)

3. A case in which the judgment of the circuit court. sustaining the defendant's demurrer to the plaintiff's evidence in an action for negligently killing the plaintiff's mule by the train of the defendant, is reversed by this Court and judgment given for the plaintiff for the damages found by the jury. (p. 459.)

The facts of the case appear in the opinion of the Court.

*E. W. Wilson* for plaintiff in error.

*J. H. Ferguson* for defendant in error.

SNYDER, JUDGE:

This action was commenced December 1, 1882, before a justice of Kanawha county by W. B. Heard against the Chesapeake and Ohio Railway Company to recover the value of a mule alleged to have been negligently killed by the defendant. The justice rendered judgment in favor of the plaintiff for $150.00, and the defendant at once took the case by appeal to the circuit court of said county wherein there was a trial *de novo* by jury which found a verdict in favor of the plaintiff for $125.00, subject to the judgment of the court on the defendant's demurrer to the evidence. The court, on April 4, 1883, pronounced judgment for the defendant on the demurrer to the evidence, to which the plaintiff excepted and obtained this writ of error.

The only question presented here is, whether or not the court erred in sustaining the defendant's demurrer to the evidence. The defendant offered no evidence and the substance of that adduced by the plaintiff is as follows : A little after daylight on a day of the last of August or first of September, 1882, as the passenger express train of the defendant was passing over its road going east at a speed of thirty miles an hour, the train struck and killed the plaintiff's mule about 150 yards above Paint Creek depot in Kanawha county. The road, in the direction from which the train approached the place where it killed the mule, was straight and the mule could have been seen from the train 500 or 600 yards before it was struck. No signal was given, nor whistle sounded, and the train did not check up or stop either before or after striking the mule. One witness testified : " I saw the train kill the mule. I saw it just as the train struck it right at the spring. Train was between me and mule. Spring is about three feet from railroad track—on side of track that the spring is, there was a bank and fence. The bank was three feet high and slanting. When I saw it, it appeared to be trying to get away ; it was trying to go up the bank. I did not see the mule on the track. It was by the side of the track just as the train caught it. It was the side of the train that struck it. Piece of step of passenger coach was torn off by the mule. Just as I discovered the mule the train was right on it. That was the first I saw of the mule. I was on the

river side of the track, but in front of place where the mule was struck. The mule was on hill-side of the track. I was about forty yards from where it was struck. Went right to it. It was killed immediately—it was broke all to pieces." Another witness testified that he was an employe of the defendant ; that he did not know what train killed the mule; made a report of finding this mule to the division master of defendant. He thought the fast train could be stopped in a distance of 200 yards. " The spring referred to by other witness is six or seven feet from track on side next to hill on a level with the track. There is a fence up the hill about ten or fifteen feet off. The mule's neck was broken close up to his shoulder—the head was lying next to the bank, and the other part next to the track. There was six or seven feet between the rail nearest the bank and the bank."

The foregoing is all the evidence bearing on the question of negligence in the record ; and it seems to me, that it was sufficient to warrant a verdict for the plaintiff. The rule in cases of demurrer to evidence where there is no conflict in the evidence as in this case is, that the demurrant by his demurrer necessarily admits not only the credit of the evidence demurred to but all inferences of fact that may be fairly deduced from it, and in determning the facts inferable from the evidence, inferences most favorable to the demurree will be made in cases where there is a grave doubt which of two or more inferences shall be drawn. In such cases it is not sufficient, that the mind of the court should incline to the inference favorable to the demurrant, to justify it in making that inference the ground of its judgment. Unless there be a decided preponderance of probability or reason against the inference that might be made in favor of the demurree, such inference ought to be made. The demurrer withdraws from the jury, the proper triers of facts, the consideration of the evidence by which they are to be ascertained ; and the party whose evidence is thus withdrawn from its proper forum is entitled to have it most benignly interpreted by the substitute. He ought to have all the benefit that might have resulted from a discision of the case by the proper forum." If the facts of the case depend upon circumstantial evidence, or inferences from facts or circumstances in proof, the verdict

of a jury ascertaining these facts would not be set aside,
merely because the court might have made inferences differ-
ent from those made by the jury.   To justify the granting of
a new trial, when it depends on the correctness of the decision
between different inferences to be drawn from the evidence,
it would not suffice that in a doubtful case the court would
have made a different inference.   The preponderance of
argument or probability in favor of this different inference
should be manifest.   When the question is, whether or not
a fact ought to be taken as established by evidence, either
directly or inferentially, in favor of the demurree, I do not
know a juster test than would be furnished by the enquiry,
would the court set aside the verdict, had the jury, on the
evidence found the fact?   If the verdict so finding the fact
would not be set aside, it ought to be considered as estab-
lished by the evidence demurred to."— *Ware* v. *Stephenson* 10
Leigh 155, 164, Stanard, J; *Front* v. *Va. & Tenn, R. R.
Co.*, 23 Grat. 619 638.

Following the quotation above given, Stanard, J. says:
"In the case in judgment, the *evidence was all parol and ad-
duced by the plaintiff*. In ascertaining the facts established by
it, we must look to all of it, and especially in ascertaining
the facts established by any one witness, everything stated
by him, as well on his cross-examination as on his examina-
nation in chief, must be considered.   Facts imperfectly stated
in answer to one question may be supplied by his answer to
another; and when from one statement considered by itself
an inference may be deduced, that inference may be
strengthened or repelled by the facts disclosed in another."
10 Leigh 165; *Allen* v. *Bartlett*, 20 W. Va. 46.

In the case at bar, as in *Ware* v. *Stephenson* from which the
above quotations have been made, the evidence is all parol
and all of it was adduced by the plaintiff.   This similarity
in the two cases, makes the discussion of the rules applica-
ble to such cases and the principles governing them con-
tained in that case peculiarly applicable to this case.   Con-
sidering the evidence, hereinbefore given, in the light of those
rules and principles, is it not manifest that the jury would have
been justified in finding that the plaintiff's mule was killed
by the negligence of the defendant?   If the jury had found

a verdict for the plaintiff, would the court have been authorized to set it aside ?   If either of the questions can be answered in the affirmative then the circuit court erred in sustaining the defendant's demurrer to the evidence.   Giving the demurree, the plaintiff in error here, the benefit of the most favorable construction of his evidence and all the inferences from it which are not overcome by a decided preponderance of probability against such inferences, as required by the rules just stated, it seems to me, both of said questions should be answered in the affirmative.   The mule could have been seen 600 yards from the place where it was struck by the defendant's agents in control of the train.   Whether or not they saw the mule is immaterial.   It was their duty to have done so.  *Baylor v. B. & O. R. R. Co.*, 9 W. Va. 270.   The mule was between the railroad tract and a bank three feet high with a fence on top of it.   The space between the track and the bank was only from three to seven feet wide, of which the projection of the train would cover probably three feet, leaving at most but four feet for the mule to stand on while the train, composed of the locomotive, tender, two baggage cars and four passenger coaches, was passing it at a speed of thirty miles per hour. The most ordinary prudence would have indicated that it would be extremely improbable, if not impossible, to pass the mule so situated and confined with such a train at the speed it was then running without striking the mule.   When struck the mule was trying to get up the bank out of the way of the train.   The space between the bank and the train was, evidently too narrow to permit the train to pass without striking the mule.   The mule was doing its utmost to avoid the train.   Under all the circumstances it used more care and less recklessness than the agents of the defendant.   It was trying to escape, while they, in full view of the situation, ran the train against it without making any signal or using any precaution whatever.   They neither checked nor stopped the train either before or after striking the mule.   It is not positively shown where the mule was from the time the train first came in sight of it until it was struck, but the jury might have reasonably inferred from the facts proved, that it was either on the track or on the side of the track where it was when struck.   The fair inferences and

probabilities are that the situation was such, that no competent agent of the defendant in the exercise of due care would have attempted to run the train by the mule in the reckless manner it was done in this instance. The whole case, it seems to me, shows not only an entire want of due care on the part of the agents of the defendant but gross negligence. *Blaine* v. *C. & O. R. R. Co.*, 9 W. Va. 252; *Washington* v. *B. & O. R. R. Co.*, 17 *Id.* 190; *Johnson* v. *Railway Co.*, 25 *Id.* —; Redf. Am. R'y. Cas. 255–6.

I am clearly of opinion that the judgment of the circuit court is erroneous and should be reversed; that on the defendant's demurrer to the evidence the judgment should be entered by this Court for the plaintiff for the damages found by the verdict of the jury, and it is accordingly so ordered.

REVERSED.