# CHARLESTON.

## BULKLEY *v.* SIMS *et al.*

### Decided April 21, 1900.

1. UNLAWFUL DETAINER—*Right of Action.*

    C. A. B., of New York, the owner of a tract of one hundred and eighty-five and one-half acres of land in R. county, by a sufficient writing, constituted D., a resident of said county, his attorney in fact, to sell and convey the same. D. sold and conveyed the land to P., who, being unable to pay for it, reconveyed it to D., attorney in fact for C. A. B. After the death of C. A. B., D. conveyed the land to C. J. B., executor of the last will and testament of C. A. B., his heirs and assigns. *Held,* that C. J. B., executor of C. A. B., could maintain an action of unlawful detainer for said land; the will, if any, not having been re-probated in R. county of this State, and the words "executor of the last will and testament of C. A. B." in said deed of D. being merely *descriptio personarum.* (p. 105).

2. DEMURRER TO EVIDENCE—*Judgment.*

    Where there is a demurrer to the evidence of the plaintiff, the defendant introducing no evidence, and the plaintiff's evidence is such that the court should not set aside a verdict found thereon if the case had been submitted to a jury, such demurrer should be overruled, and a judgment rendered for the demurree. (p. 105).

3. JUDGMENT REVERSED—*On Appeal.*

    A case in which the judgment of the circuit court sustaining the defendants' demurrer to plaintiff's evidence in an action of unlawful detainer is reversed by this Court, and judgment given for plaintiff for the possession of the premises, and for the damages found by the jury. (p. 107).

Error to Circuit Court, Ritchie County.

Action by Charles A. Bulkley against M. J. and J. L. Sims. Judgment for defendants, and plaintiff brings error.

*Reversed.*

DAVIS & WOODS, for plaintiff in error.

ROBINSON & PIERPOINT and J. WILLIS FIDLER, for defendants in error.

MCWHORTER, PRESIDENT:

Charles A. Bulkley of New York, was the owner of a tract of one hundred and eighty-five and one-half acres of land in Ritchie

County. On the 27th day of March, 1885, he executed a power
of attorney to William Douglass, authorizing him to sell and con-
vey the same, Douglass being a resident of said county. By deed
of September 16, 1886, said Douglass, attorney in fact, conveyed
said tract of land to J. E. Poynter and W. C. Poynter, who after-
wards, not being able to pay for it, by deed of December 14, 1889,
with their respective wives, reconveyed the same to said Douglass,
attorney in fact for said Charles A. Bulkley. Said Douglass then
conveyed to W. C. Poynter thirty-five and one-half acres of the
tract, and by deed of the 13th day of December, 1895, said
Douglass conveyed the residue of one hundred and fifty acres of
said one hundred and eighty-five and one-half acre tract to
Charles J. Bulkley, executor of the last will and testament of
Charles A. Bulkley, his heirs and assigns, forever, with covenants
of general warranty. On the 15th day of April, 1897, Charles
J. Bulkley, executor of the last will and testament of Charles A.
Bulkley, in the circuit court of Ritchie County brought his action
of unlawful detainer against Margaret J. Sims and J. L. Sims
for the possession of the said tract of one hundred and fifty acres
of land, describing it by metes and bounds as described in the
deed from Douglass to said Bulkley, and claiming one thousand
dollars damages for its detention. The defendants entered a
plea of not guilty, upon which issue was joined. A jury was
impaneled to try the issue and assess the damages, if any, which
the plaintiff was entitled to recover, for such detention; and,
after plaintiff had introduced his evidence, the defendants de-
murred thereto, in which the plaintiff joined, when the jury re-
turned a conditional verdict, finding for the plaintiff in case the
law was for the plaintiff, and assessing his damages at one hun-
dred dollars, and finding for the defendants in case the law aris-
ing on the facts was for the defendants; and the court took time
to consider of said demurrer. On the 17th of February, 1898,
plaintiff moved the court to set aside the verdict of the jury be-
cause it was contrary to the law and the evidence, and to grant
him a new trial, which motion was overruled, and the court sus-
tained the demurrer of defendants to the evidence, and rendered
judgment for defendants, to which rulings of the court plaintiff
excepted, which exceptions were made part of the record. The
plaintiff obtained from this Court a writ of error, assigning as
errors the sustaining of the demurrer, refusal to set aside the
verdict and grant plaintiff a new trial, and also in rendering

judgment for defendants. The plaintiff, to maintain the issue on his part, offered, in connection with the summons or declaration which described the one hundred and fifty acres of land by courses and distances, a deed from W. C. Poynter and James E. Poynter, and their respective wives, dated December 14, 1889, to William Douglass, attorney in fact for Charles A. Bulkley, for the tract of one hundred and eighty-five and one-half acres of land, which included the said one hundred and fifty acres, and also the said deed from Douglass to plaintiff for the one hundred and fifty acres dated 13th of December, 1895, all of which deeds were duly recorded. The land was identified. The possession under the title from Douglass was proven to have been in plaintiff up to the year 1895; that it was vacant in July, 1895, and was taken possession of by defendants afterwards; and that defendants had been in possession since the fall of 1895; had raised crops in 1896 and 1897. Defendants seem to rely wholly on the rulings in the case of *Thrasher* v. *Ballard,* 33 W. Va. 285, (10 S. E. 411), to sustain their contention and judgment in this case. That was an action of ejectment. I do not think that case applicable here. This is not trial of title. It is simply a trial of the right of possession. "It is well settled that title is not involved in either a criminal prosecution for, or a civil action of, forcible entry and detainer, and that, therefore, as a general rule, evidence thereof is inadmissible." 13 Am. & Eng. Enc. Law, 753. "Muniments of title are, however, admissible in evidence to show the character of the possession, or the extent thereof, when there is no apparent actual possession of a portion of the premises." *Id.* 754-756; *Olinger* v. *Shepherd,* 12 Grat. 462 (Syl., point 6). If plaintiff had brought his action having no other rights than as executor of Charles J. Bulkley, and under the will, which was probated only in New York, the case of *Thrasher* v. *Ballard* might have been invoked by the defendants with effect, but the plaintiff is vested with the legal title to the land. Defendants contend that the conveyance by Douglass to plaintiff, being made after the death of Charles A. Bulkley, was a mere nullity; that the death of Bulkley revoked the power of attorney. While it is true the death of Bulkley revoked the power of attorney, yet the legal title had been vested in Douglass by the conveyance from the Poynters, and he did not convey under the power of attorney, but as grantee of the legal title, under the deed of December 13, 1895. The deed from the Poynters to Douglass vested in him the legal

title to the land, and his deed to Charles J. Bulkley vested the legal title in him. *Austin* v. *Shaw,* 10 Allen 552; *Den* v. *Hay,* 21 N. J. Law 174; *Brown* v. *Combs,* 29 N. J. Law 36; *Towar* v. *Hale,* 46 Barb. 361. *Pfeiffer* v. *Rheinfrank,* 2 App. Div. 574, 37 N. Y. Supp. 1076, was a case where Frederick Wagner, by his will, appointed John Rheinfrank and Catherine Wagner his executors. After they qualified, Mary Kelly conveyed certain real estate to them as executors, and to their heirs and assigns, forever. Subsequently, Catherine having died, Rheinfrank, as sole surviving executor of Frederick Wagner, entered into a contract with Pfeiffer to sell him the premises so conveyed by Kelly, the title to which Pfeiffer refused to accept upon the ground that the Kelly deed conveyed the premises to Rheinfrank and Catherine Wagner as individuals, and that Rheinfrank alone, as survivor, could not convey. "Held, that the deed of Mary Kelly was a deed to the grantees as individuals, and that the words describing them respectively as executor and executrix of Frederick Wagner constituted merely a *descriptio personarum.* That this view was supported by the fact that the deed was made to run to their heirs and assigns and not to their successors." In *Hays* v. *Altizer,* 24 W. Va. 505, at page 506, JUDGE SNYDER in his opinion says: "It does not appear under what right or title the defendants held possession. This, however, is immaterial in this form of action, which determines nothing but the right of possession. Neither the title nor ownership of the land is involved." The defendants chose not to introduce any evidence, and risked their defense on the weakness of plaintiff's case by their demurrer admitting all that can be reasonably inferred by the jury from the plaintiff's evidence. *Gunn* v. *Railroad Co.,* 42 W. Va. 676, (26 S. E. 546), 36 L. R. A. 575; *Heard* v. *Railway Co.,* 26 W. Va. 455; *Garrett* v. *Ramsey, Id.* 345; *Allen* v. *Bartlett,* 20 W. Va. 46; *Fowler* v. *Railroad Co.,* 18 W. Va. 579; *Mulheman* v. *Insurance Co.,* 6 W. Va. 508. The facts in evidence by the plaintiff being clearly sufficiently established to support a verdict, the judgment will be reversed, and the Court will render such judgment as the circuit court should have rendered, overruling the demurrer, and rendering judgment for the possession of the premises described in the summons, and for one hundred dollars damages assessed by the jury.

*Reversed.*