# CHARLESTON.

DEMPSEY, ADM'R., *v.* NORFOLK & WESTERN RY. Co.

Submitted January 22, 1910.    Decided May 2, 1911.

1.  TRIAL—*Demurrer to Evidence.*

     In considering a demurrer to evidence a proper test is whether the evidence would sustain a verdict for the party as to whose evidence the demurrer is entered, if one was returned by the jury and there was a motion to set it aside. If a verdict against the demurrant could not properly be set aside, there should be a judgment against him.    (p. 272).

2.  RAILROADS—*Trespassers on Track—Infants.*

     It is the duty of a locomotive engineer to look out for helpless trespassers on the track, so far as may be consistent with other duties of his position, and when he observes a child of irresponsible age on the track to take reasonable precaution for its safety.    (p. 274).

3.  SAME—*Injury to Child Near Track—Negligence.*

     It is negligence, binding the railway company, for a locomotive engineer, when his other duties do not demand attention and the situation permits a view, to fail to observe a child of

irresponsible age walking by the side of the track and in danger-
ous proximity thereto, or, when he does observe it and has dis-
tance in which to stop, to undertake to run a rapidly moving
train by the child in that position.  (p. 275).

Error to Circuit Court, Mingo County.

Action by James A. Dempsey, administrator, against the
Norfolk & Western Railway Company.  Judgment for plaintiff,
and defendant brings error.

·       *Affirmed.*

*Holt & Duncan,* for plaintiff in error.

*John S. Marcum* and *John L. Stafford,* for defendant in
error.

ROBINSON, JUDGE:

A child sixteen months old was injured by a freight train
of the defendant company so that it died.  An administrator
sued for damages in the premises.  On the trial, defendant de-
murred to the evidence, the jury ascertained damages at $1500,
and the court overruled the demurrer and entered judgment
for plaintiff.

Two distinct grounds are submitted for a reversal of the
judgment.  First, it is asserted that negligence on the part of
defendant has not been established.  Second, the point is made
that the injury resulted from the contributory negligence of
the parents and that the same is imputable to the child.

The real question with which we must deal, in the determi-
nation of the proposition presented to overthrow the judgment,
is this: If the jury had found a verdict for plaintiff on the evi-
dence taken from their consideration by the demurrer, would it
be proper to set aside the verdict?  In other words, could a jury
have found from the evidence a warranted verdict for the
plaintiff?  If a verdict so found could not be sustained on motion
to set it aside, then the judgment on the demurrer is erroneous;
otherwise, it is not.  *Kelley* v. *Railroad Co.,* 58 W. Va., at page
221.  See also, 4 Enc. Digest, Va. & W. Va., 540.

We have carefully considered the evidence.  A verdict for
plaintiff founded on it could not properly be disturbed.  A
finding of negligence on the part of defendant is sufficiently

warranted. The case is very nearly controlled by *Gunn* v. *Railroad Co.*, 42 W. Va. 676.

A jury reasonably could have believed that the child was on the track at the time the train was approaching, or so close to the track that the engine or cars were sure to endanger it. One reasonable inference is that the child wandered from its home near the railway, across the east bound track, to the space between the double tracks, and was toddling along that narrow, dangerous space in the direction its sister and other children had gone only a few minutes earlier. Again, it may be said that the little foot prints leading to the railroad, the place where the injured body was found immediately after the train had passed, and the time that elapsed after the child left the mother's sight, reasonably prove that the child was on the east bound track when the train was approaching, or across that track in the narrow space between the two tracks. These facts and circumstances place the child in a position where other evidence tends to prove that it was in full view from the engine when nearly 1400 feet away. True, for a small part of this distance, portions of the engine, because of a curve, would cut off the engineer's view. But we deem this immaterial. There is evidence tending to establish that the distance from which the engineer first could see the child was one sufficient in which to stop the train before reaching it. The engineer testifies that he was looking ahead while running this distance and that he saw no child on the track. But a jury could say that the facts and circumstances proved in relation to the child's position contradict the engineer's testimony. They could refuse to give his testimony credibility. Besides, the engineer does not say that he did not see the child walking by the side of the track. He invariably speaks of the track itself and not the space between it and the other track. A jury could reasonably believe that he was purposely not contradicting the facts and circumstances from which it may be inferred that the child was in that space at the time he says he was looking ahead. The time that the child had been out of the mother's sight was too short, as may well be inferred, for it to have been at some hidden point beyond the other track and to have come from its hiding and approached the train after the engine had passed. And there are other reasonable inferences which may be drawn from the evi-

dence, supporting a conclusion that the child was either on the track or in the dangerous space between the tracks at the time the engineer first could see it. It may have been on the track and some part of the engine have pitched it where it lay. The engineer says he was looking ahead. He says he saw no child "on the track." A reasonable conclusion from the evidence, disregarding the credibility of the engineer as a jury could do, is that he did see the child on the track. At no time in his testimony does he directly contradict the fact that he did not see the child between the tracks. One may accept his statement that he did not see it on the track and reasonably conclude that the engineer saw the child between the tracks and took the risk of running by it.

The conductor, who was riding in the cab at the time, says he was looking ahead. But there is a proved admission by him which contradicts his testimony in this particular. Singularly enough he also refers only to the fact that he saw no child "on the track." He does not say that he did not see the child between the tracks. The testimony of the fireman is that he saw no child "on the track," but he does not know whether he was looking ahead at this particular place or engaged in firing the engine. A brakeman also was in the cab, but he is not produced as a witness. The cab was occupied by these four persons. Another reasonable inference that a jury could use in contradicting the testimony of the crew, if indeed it needs contradiction, is that they were engaged in conversation and attention to each other. They had just left a station. There the conductor and brakeman had joined the engineer and fireman in the cab. It was a natural time for comment and discussion.

It was the duty of the engineer to observe this child, and to stop. 11 Enc. Digest, Va. & W. Va., 573; 2 Wood on Railroads, 1267. He was not engrossed in duties which took his eyes from the track. He insists he was looking ahead. The weather conditions were evidently good for observation at a distance, and the light pink dress of the child was favorable as a mark clearly to be seen. If the child was on the track, he could not assume that it would get off. That rule as to adults does not apply to irresponsible-looking children. If the child was walking between the two great tracks of this railway line, it was likewise

the duty of the engineer to take no risk in passing it with the swiftly moving machinery and cars. He was chargeable with knowledge that an infant in such a position is likely to become bewildered and to take a step to its injury. Even adults cannot safely stand near a rapidly moving train. Grease on the child's body and clothing indicated that it might have been struck by the sides of the engine or cars. We do not know how it came to injury. But pregnant is the fact that the child was on or very near the track when the train approached and that the engineer was derelict in not observing its danger and protecting it. That the train injured the child is certain. Why did not the engineer protect it, if he was looking ahead as he says?

Clearly was it negligence to undertake to run a great fast train by this little boy, if the reasonable inference that the engineer undertook that risk is adopted. A cautious man would not do so. He would know that the excitement and confusion would, in a sense, blind the child and cause its fall to injury. To undertake to run by a child in such a place would seem quite as reckless as to rely on a child's leaving the track when on it ahead of an approaching train. The law does not permit the latter, nor will it justify the former. The certain danger because of the immaturity of the child affords the reason in either instance. It is not any particular position of the child that excuses the engineer from failure to stop. The probability of injury, though the child may be wholly off the track, must impel him to stop when circumstances reasonably indicate that injury may happen if he does not do so.

Now, as to the alleged negligence of the parents. It suffices to say that they have not been shown guilty of such negligence as would bar a recovery, even were we to approve the doctrine of imputed negligence, which defendant would have us apply. As to that doctrine we express no opinion. In this case "there was not that omission of ordinary care as persons of ordinary prudence deem adequate care with their children." *Gunn* v. *Railroad Co., supra.*

On the demurrer to the evidence, the trial court properly adopted the inferences and conclusions most favorable to the party whose evidence was thereby taken from the jury. These inferences and conclusions were not overcome by any decided

preponderance of probability and reason against them.   The demurrer was rightly overruled, and judgment against the demurrant entered.   The judgment will be affirmed.

*Affirmed.*