## CHARLESTON.

C. A. RONCONI *v.* PERRY J. COOK *et als.*

(No. 6477)

Submitted October 2, 1929. Decided October 8, 1929.

*A. J. Lubliner* and *John Kee,* for plaintiff in error.
*J. H. Gadd,* for defendants in error.

WOODS, JUDGE:

This is a proceeding by notice of motion to recover for services rendered under a purported contract with the First Christian Church of Princeton. At the conclusion of plaintiff's evidence, the defendants demurred thereto, the jury ascertained damages at $454.36, and the trial court sustained

the demurrer and entered judgment for the defendants. The plaintiff prosecutes this writ from that judgment.

The plaintiff, Caesar A. Ronconi, a native of Italy, is a trained professional musician. Prior to opening a studio in the city of Bluefield, Mercer county, he had for a number of years been a member of the Metropolitan Opera Company of New York, and had had three years experience in America in training singers and opera troupes and organizations of like character. The contract sued on was entered into with the Christian Church of Princeton, West Virginia, for the training of the cast in a sacred opera proposed to be presented by the members of the church. It was signed by the plaintiff and the "First Christian Church of Princeton, by Perry J. Cook, Pastor." The services to be performed by the plaintiff, under its terms, included not only the training of the cast in said opera, which cast "will be largely if not altogether composed of the membership of said Christian Church", but the management of the presentation of each operatic performance as well. And, as shown in the contract, the plaintiff was to have received as compensation for his services twenty per cent. of the proceeds of each performance, after deducting certain expenses, the remaining eighty per cent. to be retained by the Church. The plaintiff, after introducing the contract, testified concerning services rendered thereunder. He stated that no settlement had been made by the church for said services, that he had made repeated requests for a statement of receipts and expenditures of the several performances, and although such had been promised him, that the same had not as yet materialized, and that he had been unable to get any information regarding said receipts and expenditures; and, after testifying as to his familiarity with and experience in judging the size of audiences, estimated the receipts taken in at each of the ten performances, the same totaling $2,398.00; he also testified that the expenses, if any, incident to the several performances were necessarily light.

The defendants in error, in their attempt to sustain the decision of the trial court, claim that the damages are excessive. No exceptions were taken on that score at the time of the rendition of the verdict. Where the trial court has not been

asked to rule on the question of the excessiveness of the conditional verdict of the jury, this Court will consider only the question whether the evidence sustains plaintiff's right to damages. *West Va., etc., Builders* v. *Stewart*, 68 W. Va. 506.

The sole question remaining, therefore, is: Was the Church bound by the contract? No evidence was introduced as to the manner in which the First Christian Church contracts debts and executes contracts, but it appears from the special plea filed in this case that the Church has trustees and that the defendants sued as such are those trustees. Our statute, section 8, chapter 57, Code, vests the trustees of all religious bodies with the power to raise funds required for church building and for all other legitimate purposes in the execution of their trust. The question therefore narrows itself to whether Cook was an agent for the church, either by specific authority or by acts amounting to a ratification. If so, the church's secular representatives are liable. As we view it, while there is no direct evidence of specific authority in Cook to make the contract, the record does disclose a situation that would amount at least to a fair inference that he was acting for the church, and that the church was in fact the beneficiary of the plaintiff's labors and of any funds derived from the performances given under the contract. In support of this we need only to call attention to the program distributed at these various performances (three of which were given in the city of Princeton, a city of less than 7,000 inhabitants) which recites: "The First Christian Church of Princeton, West Virginia, Presents Esther, a sacred opera, * * * First Christian Church Building Fund, Promoter; Dr. Perry J. Cook, Manager." Considering the fact that rehearsals were had covering a period of two months, that not less than forty-three persons composed the cast, that a majority of the ten performances were had in Mercer County, and that Cook was the pastor of the congregation at the time, it is inconceivable that it was not a matter of knowledge to the trustees and all the people of the church that such opera was being produced for the church's special benefit. Proof of express agency is not essential to the establishment of the relation of principal and agent. While the mere fact that one assumes to act as agent

for another is not alone sufficient to show such relation; yet if the agent's acts are so open, apparent and notorious that it is evident that they must have been known to the principal, they are evidence of agency. So, agency may be inferred from the facts and circumstances, including conduct, dependent upon each particular case. *Black Lick Lumber Co.* v. *Camp Construction Co.,* 63 W. Va. 477. The foregoing principle of law is applicable here. So, viewing the facts and circumstances of this case under the benign rule that, where a demurrer to the evidence is resorted to by a defendant, the court must accept as established by the plaintiff whatever the jury as reasonable men might have concluded from the evidence, this Court is of opinion that the plaintiff has sustained the burden cast upon him. *Dempsey* v. *Railway Company,* 69 W. Va. 271; *Kelly* v. *Railroad Company,* 58 W. Va. 216; *Bulkley* v. *Sims,* 48 W. Va. 104; *Riddle* v. *Core,* 21 W. Va. 530.

The judgment of the trial court is, therefore, reversed and judgment entered here for the plaintiff.

*Reversed and rendered.*