# CHARLESTON.

DUTY *et ux.* *v.* WILLIAMSON· HUDSON-ESSEX SALES Co. *et al.*

(No. 6570)

Submitted April 29, 1930.   Decided May 6, 1930.

*George W. Crawford,* for plaintiffs in error.
*J. M. Jordan,* for defendants in error.

LIVELY, PRESIDENT:

Plaintiffs, J. M. Duty and Mrs. J. M. Duty, recovered judgment for $300 against the Williamson Hudson-Essex Sales Company for breach of contract before a justice of the peace in Mingo county; defendant appealed and executed an appeal bond for the amount of the judgment, with C. B. Early as surety thereon. Before trial of the cause in the circuit court, the sales company became insolvent; the court appointed a receiver to wind up its affairs; the affairs of the sales company were administered and all assets collected and sold and the proceeds thereof disbursed. Upon trial in the circuit court, defendant, without offering any testimony, demurred to plaintiffs' evidence. The jury, at the direction of the court, returned a conditional verdict of $300 for plaintiffs. The court overruled the demurrer and entered judgment against the sales company and C. B. Early, surety, for $300.

Appellants, citing errors in the court's rulings, on appeal to this court, raise three issues, viz.: (1) Whether the demurrer to plaintiffs' evidence should have been overruled; (2) whether plaintiff Mrs. J. M. Duty was properly a party to the action; and (3) whether this action was properly prosecuted without making the receiver a party thereto.

The substance of plaintiffs' evidence is as follows: Anderson, who represented himself to be a salesman for the Williamson Hudson-Essex Sales Company, called at plaintiffs' home to sell a Hudson automobile. At the time, J. M. Duty owned a Nash car which Anderson refused to take as part payment on the Hudson, stating his company would not allow him to do that, but agreed to repair the Nash, sell it, and guaranteed plaintiffs a sale price of $300 within three months. This agreement was approved by Luther Williamson at plaintiffs' home, who represented himself "to be a part of the company" and whom Anderson referred to as "the boss." Plaintiffs purchased the Hudson car, title to which was taken in Mrs. J. M. Duty's name, and have paid the price of the Hudson car in full. About one week after the delivery of the Hudson car,

"they" called for the Nash car. Plaintiffs waited for several months to receive payment therefor, and then instituted this action to recover the value of the car according to the alleged contract made with Anderson.

As to the first issue, a demurrer to evidence raises but one question: Assuming that the evidence demurred to be true, does it as a matter of law warrant a judgment for the demurree? *Vincenzo* v. *Trust Co.*, 93 W. Va. 368, 372, 117 S. E. 882, 27 A. L. R. 1475. "The rule in cases of demurrer to evidence where there is no conflict in the evidence as in this case is, that the * * * demurrer necessarily admits not only the credit of the evidence demurred to but all *inferences* of fact that may be fairly deduced from it, and in determining the facts inferable from the evidence, inferences most favorable to the demurree will be made in cases where there is a grave doubt which of two or more inferences shall be drawn. * * * The demurrer withdraws from the jury, the proper triers of facts, the consideration of the evidence by which they are to be ascertained; and the party whose evidence is thus withdrawn from its proper forum is entitled to have it most benignly interpreted by the substitute." *Heard* v. *Railway Co.*, 26 W. Va. 455, 457; also, see *Truschel* v. *Amusement Co.*, 102 W. Va. 215, 136 S. E. 30. In connection with the first issue, defendants say that the court erred in admitting testimony of the declarations of Anderson and Williamson as evidence of their relationship to the sales company. We are of the opinion that there was error in the admission of such declarations that Anderson was agent and Williamson was "a part" of the sales company *(State* v. *Brewing Co.*, 74 W. Va. 232, 81 S. E. 974); so upon consideration of the demurrer to the evidence, this incompetent evidence should have been disregarded. *Braude* v. *Cohen Co.*, 87 W. Va. 763, 106 S. E. 52.

Appellants argue that the evidence is insufficient to show any relation between Anderson or Williamson and the sales company. The fact is clear that Anderson sold the Hudson car to plaintiffs for which the sales company received payment in full. Likewise, Williamson approved the contract relating to the Nash car. Anderson's representation that Williamson was "the boss man" and Williamson's name being

the same as the name of the sales company warrant an inference that Williamson was acting for the sales company. But to recover, plaintiffs must show that the sales company took the Nash car. Appellants contend this is not shown. Mrs. Duty says at the time "they got the car," meaning the Nash car, she talked with Anderson relative to the title thereto. The following testimony of J. M. Duty is indicative of how unclear some of the evidence is:

"Q. Have you ever called on them and asked them to give you credit? A. Yes, sir.

"Q. And what did they say, if anything? A. They said they hadn't sold the Nash car; that they didn't have the Nash car repaired yet. After the three months rolled by I called on them a number of times for the $300.00 and that would be the reply.

"Q. Does the Hudson-Essex Company by reason of that owe yourself and wife anything? A. Yes, sir.

"Q. How much do they owe you? A. $300.00."

While it does not appear that "they" are the sales company, yet considering that testimony with Duty's statement that the Hudson-Essex Company owed him and his wife $300, the inference is that it was the sales company whom plaintiff called for credit and for whom Anderson got the car. In the absence of any denial by defendant, and considering the inferences most benignly in demurree's favor, we believe these inferences established are not unreasonable or strained. If the facts had been tried by a jury, and the inferences resolved in favor of plaintiffs, this court would not set aside the jury's verdict merely because the court might have inferences different from those made by the jury. *Heard* v. *Railway Company, supra.* If the evidence is such that the jury might have found a verdict for the demurree the court should so find. *Froman* v. *C. & O. Ry. Co.,* 148 Va. 148, 138 S. E. 658, 2nd pt. syl. *Bulkley* v. *Sims,* 48 W. Va. 104, 35 S. E. 971. Defendant has not undertaken to rebut plaintiffs' statements; there is no question of a preponderance of testimony: hence, we find no error in the court's overruling the demurrer to the evidence.

The second question is: Was Mrs. J. M. Duty an improper party to the action? Although title of the Nash car was in

her husband, part of the money used for payment of the Hudson car belonged to Mrs. J. M. Duty and was money she had earned aside from her duties as housekeeper. Had the Nash car been applied on the purchase price of the Hudson, likely the amount necessary for Mrs. Duty to have paid on the Hudson would have been lessened; so that she is entitled to a portion of the $300 due for the Nash despite the fact that title of the Nash was in her husband's name. The contract here sued on was a joint one between the husband and wife on the one side and the sales company on the other. The $300 which the sales company agreed to pay will in reality reimburse the plaintiffs on the amount they paid for the Hudson car, because both of them purchased the Hudson car. Since the ratio of their moneys which purchased the Hudson car is not shown, the proportionate share of the $300 due each cannot be determined. It is a matter of settlement between them and does not concern the appellants.

The third issue relates to the nonjoinder of the receiver of the insolvent defendant as a party defendant. The defendant contends that since the sales company had become insolvent and its business wound up, the receiver should have been made a party because he was the only person in a position to present fairly the defendant's side of the case. Is this tenable? The court order shows that the defendant on the day of the trial "answered ready for trial," and the presumption is, therefore, that the defendant's witnesses were present, since there was no request for continuance. The affairs of the insolvent corporation had been wound up. Of what value would a judgment against the receivership have been? Moreover, the court orders do not definitely show that defendants requested any ruling on the question of nonjoinder, and this court will not review questions which have not been decided by the lower court. *Cameron* v. *Cameron*, 105 W. Va. 621, 2nd Pt. Syl., 143 S. E. 349.

This court, finding no prejudicial error in the lower court's ruling, affirms the judgment for plaintiffs.

*Affirmed.*