This is an action in assumpsit against The Chesapeake and Ohio Railway Company to recover damages because of the freezing of a shipment of lemon juice in transit between Oakland, California, and St. Albans, West Virginia. At the conclusion of plaintiff's evidence, the defendant demurred thereto, and the court of common pleas of Kanawha County, upon consideration thereof, found for the plaintiff and entered judgment on the conditional verdict for $650.00, interest and costs.
The goods were shipped on an interstate bill of lading, which contained the following conditions: "Claims for loss, damage, or injury to property must be made in writing to *Page 359 
the originating or delivering carrier or carriers issuing this bill of lading within six months after delivery of the property * * *; provided that if such loss, damage, or injury was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness of negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery." These conditions are based on a Federal statute (Act of Congress of March 4, 1915, known as the first Cummins Amendment, chapter 176, 38 Stat. at L. 1196, 1197), which provides among other things, "That it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years: Provided, however, that if the loss, damage or injury complained of was due to delay or damage while being loaded or unloaded. or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."
The courts in construing the statute have held that the purpose of the second clause quoted is to except some cases from the application of the general rule, and to provide that, as to them, no notice of claim nor filing of claim shall be required. The Chesapeake Ohio R. R. Co., v. ThompsonManufacturing Co., (W.Va.) 270 U.S. 416, 70 L.Ed. 659,46 Sup. Ct. 318; Davis Director General, etc. v. Roper Lumber Co.,269 U.S. 158; 70 L.Ed. 209, 46 Sup. Ct. 28; Barrett v. Van Pelt,268 U.S. 85, 69 L.Ed. 857, 40 Sup. Ct. 437. In the first mentioned case, it was held that the words "carelessness or negligence of the carrier" in the statute do not refer to the presumption of negligence which arises when goods received in good condition are in bad condition when delivered, but apply only when the injury is due to the carrier's actual negligent conduct in fact. And in Barrett v. Van Pelt, supra, Mr. Justice Butler made the observation that "Notice and filing of claim warn the carrier that there may be need to make investigations which otherwise might not appear to be necessary; and if notice of claim is given *Page 360 
and filing of claim is made within a reasonable time, it serves to enable the carrier to take timely action to discover and preserve the evidence on which depends a determination of the merits of the demand. As to claims for damages not due to negligence, in the absence of notice, there may be no reason for anticipating demand, or to investigate to determine the fact or extent of liability."
The plaintiff offered proof to the effect that the goods were in good condition when shipped, and that they were frozen and worthless when received. No specific acts of negligence were attempted to be proved. So, under the decisions cited, he must show that proper notice was given. Hubbard Grocery Co. v.Payne, Director General, etc., 94 W. Va. 273.
The issues raised on the demurrer to plaintiff's evidence are: Did the plaintiff file a claim of loss, and, if so, was it filed in time? The evidence on this phase of the case is as follows: "Q. Mr. Campbell, did you receive the lemon juice that was sent you? Mr. Strickling: We object, if that question assumes the delivery to the carrier. Mr. Smith: All right, we can get around that. Q. Mr. Campbell, I hand you what purports to be a bill of lading of The Western Pacific Railroad Company, bearing date the 15th of December, 1928, countersigned Sunset Gold Packing Company, by G. W. Edwards, and will ask you whether or not you ever saw that before? A. Yes, it looks like the same one I turned over to the railroad company. Q. Did you have that bill of lading when you turned it over to the railroad company — was it yours? A. The Sunset Gold Packing Company sent it to me with their invoice. Q. Is that the signature of Mr. G. W. Edwards, do you know? A. Yes, sir. Q. Mr. Campbell, there was a duplicate to that particular bill of lading, was there not? A. Yes, sir. Q. What did you do with that. A. They were both turned over to the C. O. Railway Company. Q. That was after you had filed claim for loss of goods? A. I filed the duplicate first, and then the original. The C. O. requested the original, and that was forwarded later."
Under the benign rule governing this Court in cases of demurrer to the evidence, it seems that we would be warranted in holding that such a proof of loss had been filed.Duty, *Page 361 et ux. v. Williamson Hudson-Essex Sales Co., 109 W. Va. 147;153 S.E. 248; Truschel v. The Rex Amusement Co., 102 W. Va. 215;136 S.E. 30; Dempsey v. Railway Co., 69 W. Va. 271;71 S.E. 284 Peabody Insurance Co. v. Wilson, 29 W. Va. 528;2 S.E. 888; Heard v. Railway Co., 26 W. Va. 455; Garrett v. Ramsey,26 W. Va. 345. But we are not so sure that the proof was filed in time. The declaration, not having been filed within the period required for filing said claim, cannot be looked to to supply this vital fact. In Cook v. Lumber Co., 74 W. Va. 503, at page 507, 82 S.E. 327-328; the court said: "If the real merits of the case are not developed by the evidence demurred to so as to enable the court to embody in its judgment the legal rights of the parties, there is, at least discretionary power to award a new trial."
So, following the above rule, which was invoked in the case of Insurance Co. v. Wilson, 29 W. Va. 528, 2 S.E. 888, as well as Laas v. Lubic, 101 W. Va. 552, 103 S.E. 142; we are of opinion to reverse the judgment of the circuit court, set aside the verdict and the demurrer to the plaintiff's evidence and joinder therein, and to afford the plaintiff an opportunity to supply the evidence necessary to sustain his case, if he can do so, by awarding a new trial. And to this end, the case is remanded.
Judgment reversed; verdict set aside; new trial awarded.